JS 44C/SDNY
REV.
10/01/2020

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS Carman Williams

DEFENDANTS Board of Elections, et al.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
344 E. 28th St. #8G
NYC, NY 10016

ATTORNEYS (IF KNOWN) 32 Broadway, 7th Fl
NYC, NY 10004

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC § 2000 et seq. Title VII Retaliation

Judge Previously Assigned

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ]

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date ____________ & Case No. ____________

**IS THIS AN INTERNATIONAL ARBITRATION CASE?** No [x] Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*

## NATURE OF SUIT

**TORTS** | **ACTIONS UNDER STATUTES**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[x] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PERSONAL INJURY**

[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 880 DEFEND TRADE SECRETS ACT
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $__________ OTHER __________ JUDGE ____________________ DOCKET NUMBER__________

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] a. **all parties represented**

[ ] b. **At least one party is pro se.**

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from (Specify District)

[ ] 6 Multidistrict Litigation (Transferred)

[ ] 7 Appeal to District Judge from Magistrate Judge

[ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF [ ] 2 U.S. DEFENDANT [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY) [ ] 4 DIVERSITY

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

CArmon Williams
344 E. 28th St. #8G
NYC, NY 10016

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Board of Elections NYC
32 Broadway, 7th floor
NYC NY 10004

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [ ] WHITE PLAINS [X] MANHATTAN

DATE June 27, 2023

SIGNATURE OF ATTORNEY OF RECORD [signature], pro se

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. _______ Yr. _______)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge ________________________________________ is so Designated.

Ruby J. Krajick, Clerk of Court by _____________ Deputy Clerk, DATED ____________________.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**Clear Form** **Save** **Print**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________X Civil Action No. _______

CARMAN WILLIAMS,

Plaintiff,

**JURY TRIAL DEMANDED**

V.

NYC BOARD OF ELECTIONS,
Hemalee Patel, individual Donna Ellaby, individual and Official Capacity
Carol Winer,individual and Official Capacity
Reshma Patel, individual
John and Jane Does 1-10,

Defendants.

_______________________________________________X

**COMES NOW CARMAN WILLIAMS ("PLAINTIFF") ASSERTING AND AVERRING AS TO DEFENDANTS AS FOLLOWS:**

**JURISDICTION**

1. The Court has Jurisdiction over this action pursuant to 28 USC S. 1331 and S.1367. 42 USC S. 1983 and Title VII 42 USC S. 2000, et seq., 42 USC S. 1983, New York State Human Rights Law, Sec 290 et seq., and NYCHR law. NYC Admin Code S. 8-107 et seq. Plaintiff exhausted all administrative remedies and the EEOC issued a Right-to-Sue letter.

**VENUE**

2. Venue is proper pursuant to 28 USC S.1391(b)(1) as all material acts in this action occurred in the Southern District of New York.

**PARTIES**

3. Plaintiff, an African-American woman worked for the past 14+ years as a Poll Worker for the Board of Elections in the City of New York. On or about May 2022, Plaintiff opposed racially discriminatory treatment by Donna Ellaby a white female in charge of Early Voting at the NYC BOE and was subsequently retaliated against by the Board and suffered adverse employment actions and denial of work and ultimately was deemed "inactive" and denied work through the present date.

Defendants are all employee/agents of the Board of Elections or acted in concert with the Board. Defendant Reshma Patel is the District Leader of AD 74 in which Plaintiff lives and upon information and/or belief also played a part in conspiring with the Board in retaliation againse thePlaintiff.

Plaintiff complained via email to Debra Leibele director of election day operations for the NYC BOE. Subsequently, **within 1 day**, Plaintiff received an email from Donna Ellably falsely alleging that she had not received a "positive report" about Plaintiff's conduct or performance. This occurred one day after the email to Leible. Prior to this bizarre email from Ellaby, Plaintiff had never received a performance review, was never put on a performance improvement plan and never received any write-ups concerning any alleged deficiencies in her performance or in her conduct. The accusations were blatantly false and I was subsequently denied Early Voting work for every election thereafter and suffered further adverse employement action after filing a complaint with the NYSDHR when Plaintiff's status was changed to "inactive."

Queries to BOE regarding the change in status were never responded to or if a response was received it was an "**I don't know.**" This occurred on a previous occasion and the status was changed back to "active." Upon information and belief, this was continuing retaliation for Plaintiff's opposition to racial discrimination by the individual defendants.

Plaintiff recently (June 2023) requested work – early voting – and election day and received no responses back from Defendants Doty and Ellaby.

**FIRST CAUSE OF ACTION**

**RETALIATION 42 USC S. 2000, et seq.**

**As to All Defendants**

4. When Early Voting was implemented in the City of New York, Plaintiff worked on 2 occasions without incident in 2019 and on a second occasion in or about October 2021 at Hunter College Brookdale in Manhattan.

5. Plaintiff performed all her duties satisfactorily for both Early Voting and General Elections and never received any warnings, caution letters, performance improvement plans, etc.,

Defendants' Personnel Manual indicates that performance reviews are to be conducted and what actions are to be taken (progressive discipline); Plaintiff never received a performance review.

Despite some 7 months having elapsed since Plaintiff last worked at an Early Voting Poll Site (Hunter Brookdale), Plaintiff was never informed nor asked to meet with any poll worker supervisors at the BOE Manhattan Borough Office; Plaintiff's "alleged" performance and "conduct" issues materialized magically on or about June 1, 2022 AFTER a May 31, 2022 Complaint about Donna Ellaby's racism which was ultimately condoned and ratified by Board of Elections staff, et.al.

By email dated 4/5/2022, Defendant Ellaby emailed Plaintiff in response to Plaintiff's email about her interest in working Early Voting, and there was NO mention as to any alleged

behavior or conduct issues with Plaintiff such that she was not eligible to work during the EV period.

In early May 2022, Plaintiff contacted the Board of Elections speaking with Brian Camember who advised Plaintiff that they would try to place her back at Hunter Brookdale for Early Voting work and advised Plaintiff to call back in approximately 2 weeks.

Plaintiff did as instructed but the Defendant was never available and never responded to Plaintiff's messages.

Later, Plaintiff contacted Defendants, Leible and Lisa Berger. Plaintiff was instructed to contact Donna Ellaby, Director of Early Voting. Plaintiff did as instructed and never heard back from Ellaby until **June 1, 2022** when she made the false and pretextual accusations about Plaintiff's alleged unsatisfactory conduct and performance.

Plaintiff contacted Election Day Director Debra Leibe who advised Plaintiff to contact Donna Ellaby regarding Early Voting assignment on or about June 1, 2022.

Plaintiff advised Leible in an email dated that she believed she was being discriminated against and that Ellaby had not responded to any of her messages as of the date of the email.

Subsequently, Ellaby forwarded an email to Plaintiff alleging that "they had not received a positive report" about Plaintiff's performance or behavior and that she would, therefore, not receive an Early Voting assignment; the email from Ellaby followed Plaintiff's complaint about racially discrimination to Leible by one day and constituted protected conduct in making a complaint about Donna Ellaby's racial animus/discrimination.

Plaintiff sought additional information from Ellaby and the Board of Elections Personnel Director, etc., and never received a response.

Plaintiff ***never in 14 years received – prior to this time – a warning or reprimand or any disciplinary action***

6. The alleged behavior and performance deficiency allegations were a pretext for unlawful discrimination (retliation) as Plaintiff had never received either a reprimand or any complaints from the Board about her performance. Plaintiff last worked at Hunter College Brookdale during the Early Voting period in October 2021; the purported claim of poor behavior and performance materialized out of thin air in J**une 2022.** In fact, Plaintiff received an email from Defendant Ellaby in April 2022 that never mentioned any issues with Plaintiff's performance or conduct when informing that they were still in the process of finalizing voting sites, etc., Plaintiff worked for 14 years as a poll worker under difficult circumstances and often at poll sites working alone as a Poll Inspector; Plaintiff's work was always exemplary notwithstanding difficult and unprofessional coordinaotors who exhibited racial hostility towards African-American workers.

Plaintiff always comported herself professionally and courteously notwithstanding the misconduct of others which includes substance-abusing coordinators at poll sites or poll workers who falsify time sheets;the Board ratifies and condones clearly illegal conduct by said employees.

7. Plaintiff was subjected to retaliation by the Board of Elections for her opposition to racial discrimination by Defendant Ellaby and Defendant Carol Winer, et al. who, along with others,

concocted false accusations of, about and concerning the Plaintiff arising out of their racial animus/prejudice.

Plaintiff overheard a conversation in October 2021 between Defendant Ellaby and Defendant Carol Winer in which Ellaby used the term "Black Bitch." Ellaby was at Hunter Brookdale "escorting" a local politician at the time and the comment was made within earshot of Plaintiff and, upon information and belief, appeared to be referring to Plaintiff as no other African-American woman was present at the time.

8. Plaintiff filed a Complant with the NYSDHR regarding the discrimination and retaliation and was subjected to further discrimination and lies by the individual defendants who alleged falsely that Plaintiff was assigned to work but was a no show; Plaintiff informed the Defendants that she would NOT be able to work on the date in question. Defendants retaliated by denying Plaintiff work assignments for early voting from June 2022 through the present. Early Voting work is a plum assignment and "reserved" for only the best Poll Workers according to documents filed by the Board with NYSDHR. The Defendants' contentions regarding Plaintiff are patently false and belied by the fact that she was assigned to work early voting on two occasions. Poll Workers who work 10 or more days earn compensation and bonuses that eclipse the income earned by working on a single election day.

Upon information and belief, the Board reserves Early Voting work for whites generally and specifically at Hunter College Brookdale where the same whites are assigned repeatedly many of whom are incompetent and unable to do the most basic Election Day functions with scanners and other poll site responsibilities. Many are unable to tally (using basic math skills) votes printed out at the end of the night and transcribe them onto the Return of Canvass. Defendant Carol Winer is the Coordinator at the Brookdale/Hunter College voting site.

9. Plaintiff has first hand information as to the racial composition of the Poll Workers assigned to Hunter as it is the poll site where she is assigned to vote during the Early Voting period and she has observed the same mediocre white poll workers at the site whose performance on the scanners, etc., has been abysmal.

The Defendant Board of Elections and its employee/agents have engaged in a ***Continuing Violation of Title VII, NYSHRL and NYCHRL*** by denying Plaintiff work when she is clearly qualified and removed Plaintiff upon information and.or belief in October 2022 from "active" status as a Poll Worker subsequent to the filing of her complaint with the NYSDHR; when Plaintiff inquired as to why she was removed from "active" to "inactive" status, she was told that "I don't know ..."I don't see any notes ... ." etc.

**AS AND FOR A SECOND CAUSE OF ACTION**

**RETALIATION PURSUANT TO S. 1983 AS TO ALL DEFENDANTS.**

10. Plaintif repeats, realleges all the allegations in Paras 1-9 and further asserts as follows:

11. Defendants Ellaby, Winer, Patel, are employees of the NYC Board of Elections. Plaintiff has designated Jane and Joe Doe Defendants because she does not presently know the names of all parties involved in the discriminatory and retaliatory conduct and upon discovery of same will amend her complaint. Additionally, Defendant Rehma Patel is being sued in her individual and official capacity based on acting in concert with and under color of state law by requesting that Plaintiff's status be changed from "active" to "inactive" in retaliation for her complaints and oppositions to discrimination and retaliation by the Board employee/agents. Plaintiff does NOT know and never had any personal interactions with Defendant R. Patel; it is Plaintiff's understanding that Poll Worker status can be changed at the behest of the District Leader in his

or her AD. As noted previously, R. Patel is the District Leader for the AD in which Plaintiff resides. Patel, R. **played no role whatsoever in the hiring of Plaintiff as a Poll Worker 14 years earlier.** Plaintiff submitted an application to become a Poll Worker and never had any dealings with any "politicians" or other individuals with "political connections" and never requested poll work or assignments from any such individuals. The Board of Elections selected Plaintiff as a Poll Worker.

Beginning in or about April 2022, Defendants denied Plaintiff employment on the basis of her race, African-American, and subsequently retaliated against the Plaintiff after she filed a complaint with the NYSDHR in June 2022. Defendants assigned whites to Early Voting positions who, upon information and/belief, were not as qualified as Plaintiff and who did not meet the purported criteria the Board asserts for the placement of poll workers for Early Voting.

12. Plaintiff observed numerous whites who were neither as skilled as Plaintiff and in many cases required assistance from Plaintiff in opening and closing scanners, etc., who were assigned each Early Voting period to the same poll site at which Winer is the Coordinator.

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYS HUMAN RIGHTS LAW SECTION 290 <u>et seq</u>.**

**RETALIATION**

**<u>AS TO ALL DEFENDANTS</u>**

13. Plaintiff repeats and realleges all the allegations contained in Paras 1-12 and further assets as follows:

14. Defendants engaged in the initial retaliation as alleged above and further engaged in retaliation after Plaintiff filed a complaint with the NYSDHR in or about June 2022.

15. Plaintiff has been denied work since her complaint was filed with the exception of one (1) occasion when Plaintiff worked as a poll worker for the general election. Plaintiff was again denied Early Voting work with an email by Defendant Ellaby who "doubled down" and stated that the Board stood by its initial determination.

16. The retaliation post-complaint filing comprised further denials of work based on the initial false allegations and again after the filing of Plaintiff's complaint with NYSDHR. Plaintiff requested Early Voting work in June 2023 by email to Defendant Doty who never responded.

17. Plaintiff further emailed Defendant Ellaby regarding assignment for Early Voting work in June 2023 and as of this complaint never received a response.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**AS TO ALL DEFENDANTS**

**RETALIATION UNDER NYC HUMAN RIGHTS LAW**

18. Plaintiff repeats and realleges all the assertions in Paras 1-17 and further alleges as follows:

19. On or about May 31, 2022, Plaintiff, an African-American woman who worked a a poll worker for 14+ years, emailed a complaint opposing racial discrimination by the Early Voting Coordinator at the Board, Defendant Donna Ellaby.

20. Subsequently, Defendant Ellaby, emailed Plaintiff informing that she would not be working Early Voting due to alleged "reports" about her conduct and performance.

21. The email to Ellaby came one day(1) after the complaint about Ellaby's racial discrimination which Plaintiff's email reported and opposed.

22. The alleged "report" materialized some seven (7) months after Plaintiff last worked at an Early Voting Poll Site and when Plaintiff voiced her astonishment about the alleged "performance" and "conduct" reports, the Board nor any of its staff ever provided additional information regarding who, what, where and when the alleged incidents occurred.

Because the allegations were false and pretextual and/ or motivated out of racial animus by unknown parties and Defendant Ellaby, ***they could not produce any evidence then and provided no evidence to the EEOC or the NYSDHR of alleged "performance" and/ or "conduct" issues in response to Plaintiff's complaints to the NYSDHR***

23. White Poll Workers and non-Black Poll workers whose performance at Early Voting and General Election poll sites was sub-standard haven been retained by the Board including some who simply sit and socialize the entire time and/or who engage in payroll fraud by signing in the time and payroll book that they arrived at 5AM when they actually arrived hours later. Many are demonstrably incompetent and relied on Plaintiff for assistance in closing poll sites, scanners, etc.

24. Plaintiff was further retaliated by being "deactivated" as a Poll Worker after she'd filed a complaint about Rebecca "Doe" and her sister, two incompetent employees at the Andrew

Heiskell Library Branch on W. 20th Street. Plaintiff was never informed of her status having changed from "active" to "inactive" until she called the Poll Worker department and was astonished to hear she'd been moved to "inactive" status and was not provided with the reason for same and at whose behest it was made.

**AS AND FOR A FIFTH CAUSE OF ACTION**

**LIBEL PER SE**

**As to HEMALEE PATEL**

25. Plaintiff hereby repeats and reasserts all allegations contained in Paras 1-24 and further alleges as follows:

26. Plaintiff filed a complaint with the NYSDHR in or about June 2022, which complaint was subsequently administratively dismissed with a Right to Sue letter subsequently issued by the EEOC.

27. In Defendants' Response to the Complaint to the DHR, numerous false accusations were leveled that had no basis in fact or reality.

28. Plaintiff is a lawyer-by-training and many of the allegations constituted character assassination and were signed by Hemalee Patel, General Counsel for the Board.

29. The accusations were false and malicious and Defendants knew or should have known or acted with careless disregard for the truth or falsity of the matters stated therein.

30. Plaintiff was accused – falsely - -of leaving poll sites abruptly, of having caused voters to be disenfranchised, of not showing up for work, of being difficult to work with, and a laundry list of racially derogatory stereotypes about African-American women which is egregious given that the GC for the Board of Elections is a member of a minority group of South Asian descent.

The accusations were all patently false and Defendants never produced a scintilla of evidence in "support" to the DHR or the EEOC to substantiate their claims.

31. A Notice of Claim was filed with the NYC Comptrollers office regarding this claim and other claims arising out of the actions of the Board of Elections and its employee/agents as required for NYS claims pursuant to NY GML Sec. 50, **et seq.**

**WHEREFORE**, Plaintif Prays for a Jury Trial and for compensatory damages and punitive damages and Costs and Disbursements in an amount to be determined at Trial and against all defendants jointly and severally for back pay and front pay and for such other relief as the Court deems just and proper.

Dated: June 27, 2023

Carman Williams
344 East 28th Street
NYC, NY 10016
(646) 820-9537

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Carman Williams

*Plaintiff(s)*

v.

Board of Elections City of New York, et al.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Donna Ellaby
200 Varick Street, 10th Floor
NYC, NY 10014

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Carman Williams

*Plaintiff(s)*

v.

Board of Elections City of New York, et al,

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Reshma Patel
303 East 43rd Street, Apt 9C
New York, NY 10017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Carman Williams

*Plaintiff(s)*

v.

Board of Elections City of New York, et al,

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Hemalee Patel
32 Broadway, 7th Floor
NYC, NY 10004

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

Carman Williams

*Plaintiff(s)*

v.

Board of Elections City of New York, et al,

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Carol WIner
326 East 30th Street
New York, NY 10016

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Carman Williams<br><br>*Plaintiff(s)*<br>v.<br>Board of Elections City of New York, et al,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Board of Elections City of New York
32 Broadway, 7th Floor
New York, NY 10004

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*