```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                              Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                              Defendants.

**ORDER**

**23-CV-5460 (PGG) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

      The Court received the attached letter from Plaintiff by mail to Chambers. By Standing Order, a pro se party must mail all communications with the Court to the Pro Se Intake Unit located at 500 Pearl Street, Room 230, New York, NY 10007. A pro se party may not send any document or filing directly to Chambers unless specifically directed to do so by the Court. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt. Questions can be directed to the Pro Se Intake Unit at (212) 805-0175. In the future, the Court will disregard any correspondence that is mailed by a party directly to Chambers unless the Court has directed that such correspondence be mailed to Chambers.

      Plaintiff's letter states that Plaintiff does not believe that discovery will be complete by the Court-set deadline of May 31, 2024. The Court advises Plaintiff that Court-set deadlines are firm deadlines that cannot be changed without permission of the Court. In the event Plaintiff requests an extension of any deadline, including the deadline to complete discovery, such request must be made by letter motion that states the reason why the Court-set deadline should be moved. Such letter must be sent to the Pro Se Intake Unit. Similarly, if Defendants

request an extension of any deadline, they must file a letter motion on ECF requesting an extension. Letter motions seeking an extension must be filed at least 48 hours or two business days, whichever is greater, in advance of the deadline, and must state the other parties' position(s) regarding the request.

Additionally, Plaintiff's opposition to Defendants' Motion to Dismiss was due on December 28, 2023, but no opposition was filed by that deadline. Plaintiff's letter to the Court stated that she would file the opposition "as soon as possible," but did not request any extension of the deadline. Out of solicitude to the Plaintiff, the Court grants an extension *nunc pro tunc* to **Friday, January 12, 2024**, for Plaintiff's opposition to the Motion to Dismiss. The deadline for Defendants' reply is extended to **Friday, February 2, 2024**. In the event Plaintiff does not file the opposition brief by the new deadline and does not request an extension of the deadline, the Motion to Dismiss will be considered unopposed.

The Court will discuss any outstanding discovery issues/disputes at the Case Management Conference that is already scheduled for January 23, 2024 at 3:30 p.m.

**The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.**

**SO ORDERED**.

Dated: January 2, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

2