USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                        Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                        Defendants.

**ORDER DENYING REQUEST FOR PRO BONO COUNSEL**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. As an initial matter, the litigant must demonstrate that she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60-61. If an application meets these threshold requirements, the "court must further consider the plaintiff's ability and efforts to obtain counsel," as well as her "ability to handle the case without assistance in [ ] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Trahan v. City of New York*, 2015 WL 4469559, at *1 (S.D.N.Y. July 15, 2015) (citing *Cooper*, 877 F.2d at 172 and *Hodge*, 802 F.2d at 61-62). In considering these factors, district courts should not apply bright-line rules. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an initial matter, Plaintiff meets the threshold requirements for an application for pro bono counsel. Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (ECF No. 3.) When Plaintiff filed her Application for the Court to Request Counsel, Plaintiff affirmed that her financial status has not changed. (ECF No. 48.) Plaintiff therefore qualifies as indigent. Additionally, the complaint asserts claims for discrimination and retaliation. At this preliminary phase of the case, the Court finds that the claims are likely "of substance" for the purpose of an application for pro bono counsel. *Hodge*, 802 F.2d 61-62.

Because the threshold requirements for an application for pro bono counsel are met, the Court turns to the remaining *Hodge* factors – namely, Plaintiff's ability and efforts to obtain counsel, as well as her ability to handle the case without assistance. These factors weigh strongly against the application.

To start, Plaintiff admits that she has taken no steps to finding an attorney on her own. (ECF No. 48.) Thus, Plaintiff has failed to demonstrate an inability to obtain counsel, which is a sufficient basis to deny the application. *See, e.g. Sweeney v. Unger*, 2015 WL 13948596, at *1 (S.D.N.Y. June 1, 2015) (finding that an application for pro bono counsel "must be denied" where the petitioner did not provide any proof of efforts to obtain counsel).

Additionally, Plaintiff has not demonstrated an inability to handle the case without an attorney's assistance. Plaintiff states that she wants pro bono counsel to assist with depositions and in preparing for dispositive motions. However, Plaintiff has already responded to the only dispositive motion currently pending – Defendants' motion to dismiss – and she appears to have completed that task without the assistance of counsel, undercutting any argument that she requires counsel to assist with dispositive motions. Although Plaintiff does not have a law degree, none is necessary to prosecute a case, and the Court grants special solicitude to pro se plaintiffs. The Court will construe Plaintiff's submissions to raise the strongest arguments they suggest. Additionally, Plaintiff has not demonstrated any reason why she would not be able to manage depositions on her own. This is a relatively simple case factually; that is, it concerns a discrete set of facts over a short period of time and involves a limited number of potential witnesses. Because Plaintiff has not demonstrated an inability to prosecute this matter without the assistance of counsel, her application for pro bono counsel is

denied. *See, id.* at *2; *see also Urena v. City of New York*, 2023 WL 5715836, at *2 (S.D.N.Y. Sept. 5, 2023) (denying application for pro bono counsel where the case was "not particularly complex," and the plaintiff had not shown that he could not investigate the facts and present the case himself).

The Court reminds Plaintiff that she may contact the New York Legal Assistance Group's pro se clinic at 212-659-6190 to inquire whether an attorney connected with the clinic is available to provide free legal assistance.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 49.

**SO ORDERED.**

Dated: February 28, 2024
New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge

4