USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                          Plaintiff,

   -against-

NYC BOARD OF ELECTIONS, et al.,

                          Defendants.

**ORDER**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

As discussed at the March 12, 2024 Conference:

Defendant Reshma Patel shall promptly mail to Plaintiff a copy of the Motion to Dismiss papers by First Class Mail. Plaintiff's deadline to oppose the motion to dismiss is **April 9, 2024**. In addition to filing the opposition brief on ECF, Plaintiff shall mail a copy of her opposition brief to Ms. Patel by First Class Mail. Plaintiff may elect not to oppose the Motion. If Plaintiff opposes the motion, Ms. Patel's reply is due on **April 30, 2024**. In addition to filing the reply brief on ECF, Ms. Patel shall mail a copy of the reply brief to Plaintiff.

By **March 26, 2024**, counsel for the Board of Elections Defendants shall file a response to Plaintiff's Motion to Compel, which is filed at ECF No. 53.[1] The response shall include an explanation of which custodians were searched in responding to Plaintiff's discovery requests to date, and which terms were used to pull documents that were produced.

To the extent Plaintiff has made document requests concerning all Board of Elections employees, these requests shall be limited to poll workers who reported to the same

---

[1] As the Court explained at the Conference, Plaintiff's motion to compel does not comply with my Individual Practices, which are available at
https://www.nysd.uscourts.gov/sites/default/files/practice_documents/KHP%20Parker%20Individual%20Practices

supervisors as Plaintiff, and to the extent Plaintiff has made document requests concerning individuals other than herself going back five years from her last day of employment, such requests shall be limited to two years going back from her last day of employment. The reason for these limitations is that Plaintiff's requests as written are not proportional to the needs of the case and therefore do not accord with Federal Rules of Civil Procedure 26(b)(3) or 1.

To the extent Plaintiff seeks entire personnel files for any individual other than herself, this request is denied because such files are not relevant to the claims and defenses in this matter and not proportional to the needs of this case. Notwithstanding the foregoing, Plaintiff may seek, and Defendants must produce, information regarding disciplinary discharges of other poll workers who were supervised by the same individuals who supervised Plaintiff in the two-year period prior to Plaintiff's last day of employment. The reason for these limitations is that Plaintiff's requests as written are not proportional to the needs of the case and therefore do not accord with Federal Rules of Civil Procedure 26(b)(3) or 1.

Plaintiff shall communicate a settlement demand to Defendants by **March 26, 2024**.

Plaintiff is advised that under Local Civil Rule 33.3, at this point in discovery, interrogatories are restricted to those seeking (i) names of witnesses with knowledge of information relevant to the subject matter of the action, (ii) computation of damages alleged, and (iii) the existence, custodian, location and general description of relevant documents and other physical evidence. S. & E.D.N.Y. Local Civ. R. 33.3.[2] Plaintiff shall re-evaluate the interrogatories previously served on Defendants to ensure compliance with the local rule, and

---

%20in%20Civil%20Cases.pdf.  The Court nonetheless accepts the motion out of solicitude to the pro se Plaintiff. In the future, motions that are filed in violation of my Individual Practices may be denied on that basis alone.
[2] https://www.nysd.uscourts.gov/sites/default/files/local_rules/2021-10-15%20Joint%20Local%20Rules.pdf.

shall re-serve those interrogatories that comply with the local rule no later than **March 26, 2024**. No more than 25 interrogatories may be served in this action, consistent with the limitation set forth in the Federal Rules of Civil Procedure.

**The Clerk of the Court is respectfully directed to mail copies of this Order to Plaintiff and to Defendant Reshma Patel at the mailing addresses listed for those individuals on the docket.**

**SO ORDERED.**

Dated: March 12, 2024
New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge