USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                              Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                              Defendants.

**OPINION AND ORDER ON MOTIONS FOR CORRECTION AND RECUSAL**

23-CV-5460 (AS) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

Plaintiff Carman Williams brings this action against the New York City Board of Elections and several individual defendants asserting claims of retaliation and libel in connection with the termination of her position as a poll worker. Now before the Court are Plaintiff's request that the Court issue a correction to its prior mis-statement that Plaintiff did not "have a law degree" (ECF No. 58), and Plaintiff's motion for me to recuse myself from this case pursuant to 28 U.S.C. § 455 (ECF No. 59). For the reasons stated below, the request for a correction is granted, and the motion for recusal is denied.

1. **Plaintiff's Request that the Court Correct its Previous Mis-Statement**

On February 16, 2024, Plaintiff filed an application requesting that the Court assign counsel to represent her *pro bono*. (ECF No. 49.) On February 28, 2024, the Court issued an order denying that request. (ECF No. 50.) In that Order, the Court noted that, for pro bono counsel to be appointed in a civil case, a party must demonstrate an inability to handle the case without assistance of counsel. The Court found that Plaintiff had not demonstrated such inability, and noted that "[a]lthough Plaintiff does not have a law degree, none is necessary to prosecute a case." (*Id.*) The bases for the Court's assumption that Plaintiff did not have a law

degree were the fact that Plaintiff's suit involved termination of her employment as a poll worker and Plaintiff's failure to advise the Court in her application for pro bono counsel that she is legally trained despite the fact that a litigant's familiarity with the law is pertinent to said application.

Plaintiff has now advised the Court that Plaintiff does in fact have a JD degree and passed the New York State Bar Exam.  (ECF Nos. 58, 59.)  Accordingly, the Court hereby corrects its previous misstatement regarding Plaintiff by acknowledging that, per Plaintiff's representation to the Court, Plaintiff has a law degree.

In light of Plaintiff's representation that she has a JD degree and passed the New York State Bar Exam, the Court's previous statements about the degree of special solicitude afforded to pro se plaintiffs under the law are no longer applicable.  *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citation omitted) (explaining that the "degree of special solicitude afforded by the courts is not identical with regard to all pro se litigants" and noting that "a lawyer representing himself ordinarily receives no such solicitude at all"); *see also Sulehria v. New York*, 2012 WL 4911425, at *3 (N.D.N.Y. Sept. 17, 2012), adopted, 2012 WL 4911424 (N.D.N.Y. Oct. 15, 2012) (declining to grant special solicitude where the pro se plaintiff had a law degree but was not a practicing lawyer).

2. **Plaintiff's Motion for Recusal**

A judge should recuse herself when the judge harbors a "personal bias or prejudice" concerning a party or "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a-b).  A recusal decision rests within the sound discretion of the judge whose recusal is sought.  *See United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992)

(citation omitted).  There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption.  *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).

Significantly, "[t]he alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966) (emphasis added); *see also Apple v. Jewish Hospital and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir.1987) (noting that the analysis "looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context").  The opinions of judges formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Recusal is only warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted).

A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions," *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 148-51

(S.D.N.Y. 2012), objections overruled sub nom. *Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Here, Plaintiff has not put forward any allegation or evidence of bias stemming from an extrajudicial source —and the court affirmatively disclaims the existence of any such bias or prejudice.  Thus, there is no basis for recusal.

Plaintiff's assertion that the undersigned acted in a "hostile manner" toward her at the initial case management conference by "grill[ing]" her about her case is without merit.  The purpose of that conference was to set a discovery schedule and in order to do so, the Court needed to gain some understanding of the claims and defenses in the action.  Thus, as is standard, the Court asked questions of both Plaintiff and defense counsel and provided ample time for both parties to be heard.  The undersigned also directed defense counsel to explain the basis for the motion to dismiss in order to ensure that Plaintiff was on notice of the basis for the motion so that Plaintiff could fully respond to it.

The Court understands that Plaintiff is concerned that at the initial case management conference, defense counsel read out statements purportedly constituting hearsay.  However, Plaintiff is not prejudiced by this, because the initial case management conference was not a trial or evidentiary hearing.  Plaintiff will have an opportunity at a later point in the case to file motions *in limine* or object to evidence that Defendants seek to admit on summary judgment or at trial.  Further, the undersigned will not be presiding over any trial or making decisions on dispositive motions.  The undersigned's role is simply to manage general pre-trial discovery, which entails overseeing discovery to ensure it comports with Rule 1 and other relevant rules of Civil Procedure.

Plaintiff also appears to argue that the undersigned showed bias by allowing the individual pro se defendant Reshma Patel to attend the March 12, 2024 case management conference notwithstanding the fact that Ms. Patel was "in default." This contention is also without merit because Plaintiff never moved for a default judgment against Ms. Patel and none was ever issued, and Ms. Patel has been participating in this case on a pro se basis since January 8, 2024 (see ECF No. 41).

Finally, Plaintiff notes in her motion that she has not received various filings. All filings were mailed by the Clerk of Court to Plaintiff at the address she has listed on the docket. If Plaintiff is having issues receiving mail at this address, she is reminded that she may consent to receive service by email. The instructions for doing so are available at: https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases. Plaintiff can also view the docket electronically at any time using her PACER account. If Plaintiff does not have a PACER account, the instructions for registering for such an account are available at: https://pacer.uscourts.gov/register-account. It is Plaintiff's responsibility to stay apprised of filings in this case.

**The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and to terminate the motion at ECF No. 59 as denied by this Order.**

SO ORDERED.

Dated: March 26, 2024
New York, New York

_Kathaine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge