```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2024
```

**THE CITY OF NEW YORK**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

> Defendants' letter motion for leave to file a cross-motion to stay and limit the scope of discovery is granted. That cross-motion may be included with Defendants' opposition to Plaintiff's motion to compel. Defendants shall mail a copy of their cross-motion papers to Plaintiff. Plaintiff's deadline to file an opposition to Defendants' cross-motion is Monday, April 22, 2024. Defendants' reply is due on Monday, May 6, 2024.
> **The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.**

**BY ECF**
Hon. Katherine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   3/26/2024

   Re: *Carman Williams v. NYC Board of Elections, et al.*
      23-CV-5460 (AS)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for Defendants NYC Board of Elections ("BOE"), Hemalee Patel, Donna Ellaby, and Carol Winer (collectively, "Defendants") in the above-referenced matter. On March 12, 2024, after holding a hearing on Plaintiff's Motion to Compel Discovery (Dkt. 53), this Honorable Court ordered Defendants to file a formal opposition to Plaintiff's motion.

  Defendants respectfully write pursuant to the Court's individual practices to request leave to file a cross motion to stay and limit the scope of discovery in the above-referenced case. A "district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Weir v. City of New York*, 2021 U.S. Dist. LEXIS 71249, at *5 (E.D.N.Y. April 8, 2021). Defendants filed a Motion for Judgment on the Pleadings on November 9, 2023 and believe that Plaintiff's Complaint fails to show sufficient support for her claims. Further, Plaintiff's requests to review documents pertaining to other poll workers is disproportionate to the needs of the case because it is far outside the of the information the parties need to support their claims and defenses. Indeed, Plaintiff's Complaint alleges only retaliation and not discrimination. Therefore, similarly-situated comparators are of no consequence because they cannot be used to prove retaliation. The request to produce documents related to other Board of Elections poll workers and personnel also creates an undue burden for the Board of Elections as it will require the agency to seek numerous documents and records maintained for polling sites across all five boroughs and to review and redact them, all while the agency prepares for a busy election cycle.

Defendants have already provided Plaintiff all documents pertaining to her performance and the suspension of her early voting privileges. This includes Plaintiff's poll worker record, all emails to and about her related to performance and assignments, all site coordinator journals that include information on her performance and assignments, and the Board's manual for Site Coordinators. Nevertheless, Plaintiff continues to mine for information on other poll workers when no comparison between others and herself is necessary to prevail in retaliation claims. A successful retaliation claim requires a showing that a plaintiff engaged in protected activity and experienced an adverse employment action because of that protected activity. Thus, the Board's interaction with other poll workers who are not similarly-situated to Plaintiff because they did not work under the same supervisor will not be probative in this matter and may supply Plaintiff with business records containing personal identifying information. To the extent Plaintiff seeks notes on those poll workers who served with her on the same dates and at the same poll sites, that information has already been provided by way of the relevant site coordinator journals sent with initial disclosure.

Defendants further respectfully request to include this cross motion with its Memorandum of Law in Opposition to Plaintiff's Motion to Compel, due March 26, 2024. Plaintiff has already undermined efforts by the Court to hold an in-person hearing on the matter of discover, which has led to the need for Defendants to file formal opposition papers in this matter. Plaintiff failed to appear for the pre-trial conference schedule for January 23, 2024. Then, during our March 12, 2024 conference, Plaintiff repeatedly interrupted the undersigned and the Court during the discovery inquiry, thereby inhibiting all discussion regarding the parties' discovery disputes. Defendants believe that including their cross motion in their Opposition to Plaintiff's Motion to Compel will allow for Defendants to better articulate their needs and for the Court to address all discovery questions at once so that the parties may avoid any further delays in reaching a resolution in this action.

Defendants thank the Court for its continued attention and consideration to this matter.

Respectfully submitted,

/s/_____
Rodalton J. Poole
Assistant Corporation Counsel

cc: **U.S. Mail**
Carman Williams
344 E. 28th Street, #8G
New York, NY 10016