USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                                        Plaintiff,

          -against-

NYC BOARD OF ELECTIONS, et al.,

                                        Defendants.

**ORDER**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On March 6, 2024, Plaintiff filed a motion to compel discovery.  (ECF No. 53.)  Following a case management conference with the parties, the Court directed Defendants to respond to Plaintiff's motion by March 26, 2024.  (ECF No. 57.)  On March 25, 2024, Defendants sought leave from the Court to include with their opposition papers a cross-motion to stay discovery. (ECF No. 60.)  The Court granted that request and set the deadline for Plaintiff's opposition to the cross-motion as April 22, 2024, with Defendants' reply due May 6, 2024.  (ECF No. 62.)  On March 26, 2024, Defendants filed their opposition papers and included a cross-motion to stay discovery with their papers.  (ECF No. 63.)

The Court is now in receipt of a letter from Plaintiff dated March 28, 2024 and filed on the docket on April 3, 2024, which appears to be Plaintiff's opposition to Defendants' March 26, 2024 cross-motion to stay discovery.  However, the Court is mindful that, at the time Plaintiff submitted the March 28 letter, she may not have been in receipt of the Order advising her that she had until April 22 to submit her opposition papers.  Accordingly, the Court will allow Plaintiff until April 22 to submit a supplemental opposition to Defendants' cross-motion should

she choose to do so.  Plaintiff may, of course, choose instead to rest on her March 28

submission.  The deadline for Defendants' reply, if any, remains May 6, 2024.

In addition, in her March 28 letter, Plaintiff accused Defendants of "taking advantage of

the fact that Plaintiff is not on ECF" by "communicating with the Court via ECF"  and requests

that Defendants serve a copy of all of their filings on Plaintiff by overnight courier.  The Court

wishes to clarify that communication with the Court by ECF is the appropriate and required

method for represented parties, and communication by mail is an accommodation afforded to

pro se parties.  Plaintiff, who is legally trained and passed the New York State bar exam, has

been advised numerous times that she has the option to sign up for electronic service and thus

receive all filings in this case instantly, but she has chosen not to do so.  While Plaintiff has the

right to decline to sign up for electronic service, the result is that Plaintiff must wait to receive

filings in the mail.  Plaintiff's request that Defendants serve her by overnight courier is denied

because such service is not required by the Federal Rules of Civil Procedure and is unnecessarily

costly.

**The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

Dated: April 10, 2024
      New York, New York        _Katharine H Parker_____
                            KATHARINE H. PARKER
                            United States Magistrate Judge