USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                    Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                    Defendants.

**OPINION AND ORDER ON DISCOVERY MOTIONS**

23-CV-5460 (AS) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

Presently before the Court[1] are several discovery motions and issues raised by the parties. (ECF Nos. 53, 63, 68, 73, 74, 76, 77, 78.) The Court is satisfied that it has sufficient information from the written submissions to resolve the issues without the need for a conference and addresses them below:

## BACKGROUND

Plaintiff Carman Williams, who is proceeding pro se, brings this action against the New York City Board of Elections ("BOE"), its General Counsel Hemalee Patel, Donna Ellaby, an administrator at the BOE, Carol Winer, an employee of the BOE (collectively the "Defendants" or the "BOE Defendants"), and Reshma Patel, a volunteer District Leader for the 74th Assembly District. Williams alleges that Defendants illegally retaliated against her for complaining about perceived racism against her by Ellaby in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983, the New York State Human Rights Law, and the New York City

---

[1] Plaintiff has on multiple occasions addressed the undersigned as "Magistrate" via letter. The correct title is Magistrate Judge. *See United States Magistrate Judges*, FMJA, https://ctd.uscourts.gov/sites/default/files/FMJA%20Brochure.pdf (last visited May 9, 2024).

1

Human Rights Law. She also alleges that Hemalee Patel committed libel per se when making statements about her in a submission to the New York State Division of Human Rights ("NYSDHR") in response to Plaintiff's retaliation charge.

Plaintiff worked as a poll worker in New York City for many years. In early 2022, Plaintiff wrote to Debra Leibele, Director of Election Day Operations for the BOE, expressing her desire to work as a poll worker during June 2022 early voting. Plaintiff was directed to contact Defendant Ellaby, then Early Voting Supervisor for Manhattan. On or about May 31, 2022, having not heard from Ellaby, Plaintiff sent an email to Leibele complaining that she had not heard from Ellaby and asserting that Ellaby was a "racist" and retaliating against Plaintiff.

On June 1, 2022, Ellaby denied Plaintiff's request to work during early voting due to having received a report of Plaintiff's poor work performance. However, Ellaby indicated that Plaintiff was still eligible to work as a poll worker and indicated that Plaintiff could work on June 28 and August 23.

Plaintiff thereafter filed a complaint with the NYSDHR complaining she had been unlawfully retaliated against. The BOE responded to the complaint and explained that the reason Plaintiff had not been assigned to early voting was a record of unsatisfactory performance. That complaint was administratively terminated at Plaintiff's request so she could pursue this action in federal court.

Defendants have moved to dismiss the complaint for failure to state a claim. Among other things, Defendants argue that there is no individual liability under Title VII, that the complaint fails to allege facts showing any actionable conduct of Hemalee Patel and Carol

2

Winer, and that the libel claim against Hemalee Patel is barred by absolute privilege. That motion is pending. Defendant Reshma Patel, who is pro se, has moved to dismiss on the ground that the complaint states no facts relevant to her and that she is not employed by the BOE and does not know Williams or anything about the issues in this case.

## DISCOVERY MOTIONS

The BOE Defendants have moved to stay discovery pending the outcome of their motion to dismiss on the ground that resolution of the motion may obviate the need for discovery or at least much of the discovery sought by Plaintiff. The BOE Defendants also have moved to compel Plaintiff's deposition because Plaintiff has failed to respond to requests to schedule her deposition. The BOE Defendants also complain that Plaintiff has failed to engage in meet and confers, ignored emails or falsely contended that she did not receive documents that were mailed or emailed to her and that Plaintiff has blocked emails from defense counsel.

Plaintiff has moved to compel responses to her First and Second Requests for Production served on the BOE Defendants, an extension of the discovery schedule, preclusion of the BOE Defendants' use of documents not produced in discovery in any motion or at trial, and an updated privilege log due to perceived deficiencies of the log. Plaintiff contends that meet and confers are futile due to antipathy between the parties.

The Court addresses these issues below.

1. **Plaintiff's Deposition**

Based on the Court's review of the letters submitted, the Court can resolve the issue of Plaintiff's deposition without a conference. It is evident that Plaintiff has willfully refused to

schedule her deposition and ignored defense counsel's requests to schedule it. Plaintiff shall appear for her deposition on **May 22, 2024**. The deposition shall take place at the U.S. Courthouse located at 40 Foley Square, New York, New York in Mediation Room 9 commencing at 10:00 a.m. Defendants are permitted up to 7 hours of questioning under the Federal Rules. The failure of Plaintiff to appear for her deposition will result in sanctions.

2. **Defendants' Privilege Log**

Plaintiff complains that the privilege log produced by Defendants is insufficient. The BOE Defendants provided Plaintiff with a categorical privilege log indicating that they were withholding emails "submitted by Carman Williams threatening litigation against NYC Board of Elections." They do not provide a date range for the emails or indicate authors or recipients or whether the emails were for the purpose of seeking or providing legal advice. Categorical privilege logs are permitted in this District. However, the log is still deficient. To start, any email that Williams sent to the BOE is not privileged. To the extent that a Williams email threatening litigation was forwarded to others within the BOE in connection with requests seeking legal advice or providing legal advice, those latter communications would be subject to the attorney-client privilege. Accordingly, by the close of discovery, the BOE Defendants shall provide Plaintiff with an updated privilege log that includes the date ranges of the emails referenced in the log, the authors and recipients of the emails, and indicating whether any of the authors or recipients are attorneys. To the extent that non-privileged portions of the emails can be segregated and produced, the emails shall be produced to Plaintiff in a redacted form with the privileged portions of the email thread redacted. The BOE Defendants are not required to provide a privilege log as to privileged communications that post-date the filing of the NYSDHR

Charge or a privilege log as to documents responsive to Plaintiff's document requests that the Court has stricken in whole or in part as set forth below. Additionally, by the close of discovery, the BOE Defendants shall confirm that there are no other documents being withheld on the basis of privilege.

### 3. Use of Documents on a Motion or At Trial

In her motion to compel, Plaintiff asks the Court to preclude the BOE Defendants "from utilizing any documents and records requested but not provided on any motion or at trial." (ECF No. 53.) Although there is no indication that the BOE Defendants intend to use withheld documents to support a motion for summary judgment or at trial, the Court clarifies that no party is permitted to use documents that have been requested in discovery but not produced, in connection with a motion for summary judgment or at trial.

### 4. Plaintiffs' First and Second Requests for Documents

Plaintiff complains that Defendants have not produced documents she requested or ESI. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b).

The party moving to compel discovery "bears the initial burden of demonstrating that the information sought is relevant and proportional." *Sportvision, Inc. v. MLB Advanced Media, L.P.*, No. 18 Civ. 3025 (PGG) (VF), 2022 WL 2817141, at *1 (S.D.N.Y. July 19, 2022); *see also*

*Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("Plaintiffs, as the parties seeking discovery from [defendant], bear the initial burden of proving that the information and documents sought are relevant and proportional to the needs of the case."). Once the moving party has made this showing, "the burden shifts to the opposing party to justify curtailing discovery." *Sportvision*, 2022 WL 2817141, at *1.

In considering Plaintiff's motion, I also note that Magistrate Judges overseeing discovery have "broad discretion to manage the discovery process . . ." *Emanuel v. Gap, Inc.*, No. 19-CV-3617 (PMH), 2020 WL 5995134, at *3 (S.D.N.Y. Oct. 9, 2020). Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), a court may limit discovery if, *inter alia*, the discovery sought is unreasonably cumulative or the proposed discovery is not relevant or proportional to the needs of the case. Additionally, when considering Plaintiff's complaints about Defendants' compliance with their discovery obligations, I note that Federal Rules of Civil Procedure 26 and 34 require parties to conduct a reasonable search for documents that are relevant to the claims and defenses. "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances . . . Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment.

With the above preface, I address Plaintiff's document requests and Defendants' objections and responses thereto.

Plaintiff's First Set of Document Requests (ECF No. 53) contain 26 requests for documents. They are summarized as follows:

1. Plaintiff's personnel file

2. All performance reviews of Plaintiff
3. Names of individuals who conducted performance reviews of Plaintiff
4. Copies of all records for the past 5 years detailing poll workers who were moved to "inactive" status with BOE and documentation and records detailing the basis for being classified "inactive"
5. Copies of all emails, memoranda, transcripts, that contain the search term "Carman William"
6. Records and documents of all BOE employees terminated by the Board of Commissioners in the last 5 years and the basis for same.  Copies of their reviews, warnings, memoranda, search terms for "disciplinary," "performance," "warning," "lawsuit," "employment discrimination," "retaliation"
7. Copies of all employee personnel files of all BOE employees disciplined by the BOE in the past 5 years for the stated reasons of poor performance and/or behavior
8. Copies of personnel files of all BOE employees terminated by the BOE in the past 5 years for the stated reasons of poor performance and/or behavior
9. Performance reviews of all BOE employees at the Hunter-Brookdale polling location for early voting 10/1/2021 – 11/7/2021
10. Copies of all Coordinator Notes for the period from 1/1/2015 through 10/21/2022
11. A complete copy of the BOE Employee Handbook in effect January 1, 2022 through January 31, 2023
12. Memoranda, emails, and documents prepared by your employees/agents detailing criteria for selection of Poll Workers for Early Voting from June 1, 2019 to the present
13. Copies of all discrimination complaints alleging racial discrimination and/or retaliation by BOE pending before any administrative tribunal and/or in court
14. Copies of all Coordinator Notes for the past 5 years from the Andrew Heiskell Library for the Blind by assigned coordinators
15. Copies of performance tracking documents and records created by the Poll Worker Department staff and/or any other designated employees/contractors that reflect the performance of poll workers for the past 3 years inclusive of Early Voting performance reviews
16. Copies of any counseling letters, memos, and warnings issued to Plaintiff by Defendants' employees/agents from the start of her employment in 2008 to August 31, 2022
17. Copies of any Performance Improvement Plan letters and documents issued by the Defendants to any employees inclusive of per diem employees in the past 5 years from June 1, 2018 through June 1, 2023
18. Defendants' communications to employees/agents of the Performance Review Procedures/Best Practices, keyword search of emails for "performance review," "implicit bias," "race"

19. Dates/times/places that Defendants met with or discussed performance or behavior-related concerns and documents and memos detailing said meetings with Poll Workers including, but not limited to, Plaintiff from 1/1/2008 through 1/1/2003
20. Copies of communications to employees/agents regarding protocols to be followed for the retention of documents and records pertinent to pending litigation
21. All internal communications between Donna Ellaby, Debra Leibele, Brian Camberber, Lisa Berger, Cynthia Doty, and all Poll Worker department employees from March 1, 2022 through the present regarding "early voting," "roster," and "selection"
22. Organizational Chart of BOE from 10/1/2021 through the present
23. Copies of Coordinator Job Application/Training Class Materials provided to coordinators detailing job description, duties, and purpose of coordinator Poll Site notes for the past 5 years
24. Copies of Plaintiff's training class exams from 1/1/2008 through 1/31/2023
25. Copies of any complaints from voters at poll sites where the Plaintiff worked from 1/1/2008 through February 1, 2023
26. Copies of memos to Plaintiff, Performance Improvement Plans, etc., or materials apprising Plaintiff of the necessity to improve either her performance or conduct in order to retain employment as a Poll Worker

Plaintiff's Second Set of Document Requests (ECF No. 53) contain an additional 16 requests for documents summarized as follows:

1. All Coordinator Notes from P.S. 116 Early Voting Poll Site for the Initial Early Voting period in October 2019.  All notes from all 3 coordinators at the site.  This includes ESI and metadata for any records
2. Copies of any Performance Reviews from October 2019 Early Voting site at the above-indicated polling site; Copies in whatever format they exist including ESI with metadata
3. Names of all Poll Workers assigned to the site for any of the dates of Early Voting
4. Names of all coordinators at the PS 116 work site for Early Voting
5. Selection Roster/Criteria for Early Voting Poll Workers for commencement of Early Voting in New York in October 2019 – including ESI and metadata
6. Copies of any Notes prepared by BOE Staff that visited Early Voting Poll Site in 2019 Voting in New York in October 2019 – including ESI and metadata
7. Tenure with BOE of all Poll Workers who were assigned to the P.S. 116 poll site for Early Voting.  Current status of the employees who worked at the site including ESI and metadata
8. Personnel file of Donna Ellaby including any resumes and job applications/promotion materials along with any complaints about Ellaby including ESI and metadata

9. Personnel file of Joffrey Burger and resumes and job applications/promotion materials along with any complaints received from any individuals either BOE staff and/or voters about Burger during her tenure with the BOE
10. Personnel file on Carol Winer and any resumes and job applications, including references and performance reviews during her tenure with the BOE
11. Personnel file of Lisa Burger including any resumes and job applications, including references and performance reviews with the BOE.  Request includes but is not limited to ESI and metadata
12. Names of all previous employers of Donna Ellaby, Joffree Burger, Carol Winer, and Lisa Burger.  Request includes but is not limited to ESI and metadata
13. Copies of any emails originating from any email address utilized by Carol Winer to the BOE for the past three years including ESI and metadata
14. Copies of any emails from or to Cynthia Doty, including ESI and metadata that contain any of the search terms "Carman Williams" PW #221539, "inactive," "active"
15. Names of all Poll Workers assigned to Hunter Brookdale, including their position (Poll Worker, Coordinator, etc.) with the BOE, at the time of their selection to work since the site became an Early Voting site
16. Performance reviews of all Poll Workers assigned to Hunter Brookdale from 2021 through 2023

The BOE Defendants have objected to the majority of the requests on grounds of relevance, temporal scope, and proportionality, and for good reason.  This case involves a narrow issue – whether the BOE Defendants retaliated against Plaintiff by refusing to hire her for early voting in June 2022 after she complained in May 2022.  Yet, Plaintiff seeks documents for a 5+ year period concerning not just her interactions with the BOE, but on other poll workers and BOE employees and managers, along with myriad other documents and communications.  Much of the information sought is completely irrelevant to the claims and defenses in this case.  And, even if some of the information sought is arguably relevant under Rule 26's broad definition of relevance, the breadth of the information sought is simply not proportional to the needs of the case considering the damages at issue, the scope of the facts at issue, and the burdens associated with collection of all of this information.

Notwithstanding their objections, the BOE Defendants conducted a search for documents, subject to their objections. They have represented that they have already produced:

- All correspondence between Plaintiff and Defendants, including correspondence related to the dissolution of her work relationship with the BOE and the suspension of her privilege to work early voting shifts
- All documents and email communications relating to Plaintiff's performance including emails concerning internal complaints and assignments
- Coordinator journals at the polling sites Plaintiff worked, which include performance-related information about poll workers at those same sites
- Dates on which Plaintiff worked
- Poll worker records pertaining to Plaintiff
- BOE organizational chart
- Site coordinator manual
- Coordinator job description

The BOE Defendants have explained that the BOE's legal department, led by Defendant Hemalee Patel, used search terms "Carman Williams," "Carman Murray," and poll worker ID No. "1195370." However, they did not disclose the custodians whose emails were searched. Additionally, Plaintiff points out that the poll worker ID number used is not her number.

Taking into account what has already been produced by Defendants, the Court finds that Defendants have satisfied their obligations in part, but that certain additional information and documents still must be produced as discussed in more detail below. In reaching the conclusions herein, the Court is mindful that the law requires parties to conduct a reasonable search. *Raine Grp. v. Reign Capital*, 2022 WL 538336, *1 (S.D.N.Y. Feb. 22, 2022). Under Rule 26(g), the "duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment. Perfection is not the rule, especially

with multiple sources of ESI, the tendency for there to be multiple copies of the same email or near-dupes the production of which has no incremental value to the case but exponentially increases the costs of discovery. "Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." [Fed. R. Civ. P. 26](#) advisory committee's note to 1983 amendment.

As to Plaintiff's First Set of Document Requests, it is the Court's understanding that the BOE Defendants have already produced documents responsive to Requests 1, 2, 3, 16, and 22, and no further production will be required as to these requests. Request 5 seeks copies of all emails, memoranda, and transcripts that contain the search term "Carman William". The BOE Defendants have informed the Court that they conducted a search for all communications concerning Carman Williams using the search term of her name. However, they have not provided the names of custodians whose ESI was searched and appear to have used an incorrect poll worker number. Defendants shall provide the names of the custodians whose ESI they searched and run a search in such custodians' ESI with Plaintiff's correct poll worker number. As to Requests 10 and 14, it is the Court's understanding that the BOE Defendants produced Coordinator journals at the polling sites where Plaintiff worked, which include performance-related information about poll workers at those same sites. To the extent Requests 10 and 14 seek broader information, they are stricken as overbroad and irrelevant. No further responses are required to Requests 10 and 14. As to Request 11, the employee handbook applicable to BOE employees in 2022 should be produced. No further response is required to this request. The remaining Requests that the Court has not yet addressed are also overbroad, but the Court narrows them and will require production of the following:

- As to Request 12, to the extent not already produced, the BOE Defendants need only produce documents sufficient to describe criteria for hiring poll workers in 2022.

- As to Request 23, to the extent not already produced, the BOE Defendants need only produce job descriptions applicable to coordinators in 2022 (which the Court understands was produced) and training materials, if any, given to coordinators in 2022. If no training materials exist, Defendants shall so state in a letter to Plaintiff.

- As to Request 25, to the extent not already produced, the BOE Defendants need only produce written complaints from voters against Plaintiff, if any, made before June 2022. If none exist, Defendants shall so state in a letter to Plaintiff.

- As to Request 26, the BOE Defendants need only produce performance improvement plans that were given to Plaintiff, to the extent they exist. If none exist, Defendants shall so state in a letter to Plaintiff.

The BOE Defendants are not required to respond to Request Numbers 4, 6, 7, 8, 9, 13, 15, 17, 18, 19, 20, 21, and 24 because these requests are overbroad, not tailored to the claims and defenses in the case, seek irrelevant information and are unduly burdensome They also are not proportional to the needs of the case.

With regard to the Second Set of Document Requests, the BOE Defendants are not required to respond to Request Numbers 2, 3, 6, 7, 9, 10, 11, 12, 13, 15, and 16 because these requests are overbroad, not tailored to the claims and defenses in the case, seek irrelevant information and are unduly burdensome. The Court notes that some of these requests are redundant of earlier requests and are not proportional to the needs of the case.

As to Request 1, it is the Court's understanding that the BOE Defendants produced Coordinator journals at the polling sites where Plaintiff worked. To the extent Request 1 seeks broader information, it is stricken as overbroad and irrelevant. As to Request 5, it is duplicative of Request 12 from Plaintiff's First Set of Document Requests and therefore no further response is required.

The remaining Requests that the Court has not yet addressed are also overbroad, but the Court narrows them and will require production of the following:

- As to Request 4, to the extent not already produced, the BOE Defendants need only produce the names of coordinators that worked at the polling sites where Plaintiff worked in 2022, during the dates Plaintiff worked at such sites.

- As to Request 8, to the extent not already produced, the BOE Defendants need only produce written complaints of race discrimination and retaliation filed against Donna Ellaby between 2020 and 2022 (whether internally with BOE or with a state human rights agency or court). No more is required in response to Request 8. If there are no such complaints other than the one made by Plaintiff, Defendants shall so state in a letter to Plaintiff.

- As to Request 14, to the extent not already produced, the BOE Defendants need only produce emails to or from Cynthia Doty in 2022 that name or discuss or refer to Plaintiff or her Poll Worker ID number.

Further, I previously ordered the BOE Defendants to produce information regarding disciplinary discharges of other poll workers who were supervised by the same individuals who supervised Plaintiff in the two-year period prior to Plaintiff's last day of employment. It is unclear whether

13

the BOE Defendants have produced such information. The BOE Defendants allege in their opposition to Plaintiff's motion to compel that comparisons related to the performance of other poll workers are irrelevant to Plaintiff's case because Plaintiff has brought a retaliation claim, rather than a discrimination claim. The Court disagrees.  As courts have consistently held, plaintiffs bringing retaliation claims may use circumstantial evidence of "disparate treatment of fellow employees who engaged in similar conduct" as evidence of "a causal relationship between the protected activity and the adverse employment action." *See Hicks v. Baines*, 593 F.3d 159, 170 (2d Cir. 2010). However, the Court has further considered the Defendants' objections and the claims in the complaint and finds that its prior order should be narrowed/clarified to require production of discharges of other poll workers who were discharged or not hired for disciplinary reasons in the two-year period 2020-2022 to the extent those decisions were made by the people who supervised Plaintiff in 2022 and Defendant Ellaby.  The names of the poll workers may be redacted.  Defendants shall produce the information set forth herein by May 31, 2024.

     Plaintiff has complained that she has received Defendants production in hard paper format and that the BOE Defendants have not produced any ESI, beyond a few emails.  Insofar as Plaintiff has refused to accept email communications and has blocked emails from defense counsel, she cannot complain about receiving documents in hard copy format.  To the extent Plaintiff has requested "metadata", she has not explained what metadata she needs or why she needs it.  To the extent Plaintiff complains that she has received copies of only a few emails, additional emails may be produced after Defendants conduct a search pursuant to this Order.  Alternatively, Defendants will state in a letter that after conducting such additional search, no

14

further emails were located.   The Court also notes that to the extent defense counsel makes representations to the Court about its search for relevant documents, the Court is entitled to rely on them. *See, e.g.*, *Greer v. Carlson*, No. 20 Civ. 5484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[Defense] counsel is admitted to practice in this Court and is an officer of the Court. If a statement made by counsel is false, he can be subject to discipline. Thus, courts often rely upon statements made by counsel."); *Kozak v. Office Depot, Inc.*, No. 16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020) (relying on defense counsel's representation that it had produced all documents responsive to plaintiff's request, as "[t]he court is entitled to rely on the representations of counsel, as officers of the court") (internal citations omitted); *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("Generally, 'a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production' since one cannot be required to produce the impossible.")(internal citations omitted). Finally, in accordance with its discretion to cabin discovery consistent with Rule 1 of the Federal Rules of Civil Procedure, and in light of the voluminous requests Plaintiff has already made and the discovery conducted thus far and ordered herein, Plaintiff is prohibited from serving additional requests for documents and from serving interrogatories absent a showing of good cause and permission from this Court.

5. **Meet and Confers**

Plaintiff contends that meet and confers are futile due to alleged "antipathy" between the parties, including defense counsel. (ECF No. 76.) Contrary to Plaintiff's assertion, defense counsel's communications throughout this litigation have been professional and appropriate.

15

Plaintiff's refusal to engage in meet and confer communications with the BOE Defendants violates both my Individual Rules of Practice and the Local Rules. Further, blocking emails from defense counsel's email address is inappropriate and impedes discovery. Plaintiff is required to comply with her meet and confer obligations.

### 6. Defendants' Motion to Stay Discovery and Motion to Extend Deadlines

The BOE Defendants have moved to stay discovery until Judge Subramanian has ruled on the motion to dismiss in order to streamline the discovery process. However, based on Defendants' representations to the Court as to what they have already produced, taken together with what the Court has ordered the BOE Defendants to produce above, the Court is satisfied that no further discovery is needed in this matter except possibly additional depositions that the parties may notice. Because the Court believes the production, if any, of the documents ordered above can be completed by the discovery deadline, May 31, 2024, the Court finds it unnecessary to stay discovery.

Therefore, the BOE Defendants' motion to stay discovery is DENIED. For similar reasons, the Court finds that there is no reason to extend discovery and therefore Plaintiff's request to extend discovery deadlines is DENIED.

### 7. Summary of Action Items

The Court summarizes the items the BOE Defendants are ordered to produce or respond to by the close of discovery below. To the extent not already produced, the BOE Defendants must:

A. Provide to Plaintiff an updated privilege log that includes the date ranges of the emails referenced in the log, the authors and recipients of the emails, and indicating whether any of the authors or recipients are attorneys.

    a. To the extent that non-privileged portions of the emails can be segregated and produced, the emails shall be produced in a redacted form with the privileged portions of the email thread redacted.
    b. Confirm that no other documents are being withheld on the basis of privilege.

B. Produce any Employee Handbook applicable to BOE employees in 2022.

C. First Set of Document Requests:
    a. Request 12: Need only produce documents sufficient to describe criteria for hiring poll workers in 2022.
    b. Request 23: Need only produce job descriptions applicable to coordinators in 2022 and training materials, if any, given to coordinators in 2022. If no training materials exist, Defendants shall so state in a letter to Plaintiff.
    c. Request 25: Need only produce written complaints from voters against Plaintiff made before June 2022. If none exist, Defendants shall so state in a letter to Plaintiff.
    d. Request 26: Need only produce performance improvement plans that were given to Plaintiff, to the extent they exist. If none exist, Defendants shall so state in a letter to Plaintiff.

D. Second Set of Document Requests
    a. Request 4: Need only produce the names of coordinators that worked at the polling sites where Plaintiff worked in 2022, during the dates Plaintiff worked at such sites.
    b. Request 8: Need only produce written complaints of race discrimination and retaliation filed against Donna Ellaby between 2020 and 2022 (whether internally with BOE or with a state human rights agency or court). If there are no such complaints other than the one made by Plaintiff, Defendants shall so state in a letter to Plaintiff.
    c. Request 14: Need only produce emails to or from Cynthia Doty in 2022 that name or discuss or refer to Plaintiff or her Poll Worker ID number.

E. To the extent any of the above required documents do not exist, the BOE Defendants must inform Plaintiff thereof.

F. Provide the names of the custodians whose ESI Defendants searched. Run a search in such custodians' ESI with Plaintiff's correct poll worker number (221539) and provide Plaintiff with any documents from such searches that have not already been produced.

G. Conduct a search of Cynthia Doty's ESI for 2022, and provide Plaintiff with any documents from such search that has not already been produced.

H. Produce discharges of other poll workers who were discharged or not hired for disciplinary reasons in the two-year period 2020-2022 to the extent those decisions were made by the people who supervised Plaintiff in 2022 and Defendant Ellaby. The names of the poll workers may be redacted.

As for Plaintiff, Plaintiff is ordered to appear at her deposition on May 22, 2024, as detailed above. Plaintiff is also reminded that behavior that impedes discovery, such as not appearing for a deposition, or blocking opposing counsel's email address, will not be tolerated and may result in sanctions.

## Conclusion

As set forth more fully above, Plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendants' motion to stay discovery is DENIED. Plaintiff's motion to extend discovery deadlines is DENIED.

**The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and to terminate the motions at ECF Nos. 53 and 77.**

**SO ORDERED.**

DATED:   New York, New York
May 13, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge