UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                Defendants.

**DISCOVERY ORDER RELATING TO DEFENDANTS' REQUEST FOR ADMONISHMENT**

23-CV-5460 (AS) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

Counsel for Defendants has filed a letter motion with the Court requesting an Order requiring Plaintiff to cease from inappropriate conduct and to accept service of discovery materials and other filings by email. (ECF No. 82.) Plaintiff filed a letter in opposition stating unequivocally that she did not wish to communicate with defense counsel by email and that she would only communicate through mailed correspondence. (ECF No. 83.)

**DISCUSSION**

Plaintiff has refused to comply with her discovery obligation to meet and confer with defense counsel, blocked defense counsel's email and ignored defense counsel's requests, informing defense counsel she will not read his emails. Plaintiff has insisted on receipt of correspondence by mail but then when things are mailed Plaintiff has claimed she has not received documents mailed by regular and certified mail. Plaintiff has been warned that failure to participate in discovery may result in sanctions. Plaintiff also failed to attend a court-ordered conference on January 23, 2024, and was subsequently warned she could face sanctions for failing to comply with court orders. She also failed to cooperate with Defendants' attempt to schedule her deposition. This resulted in the Court having to mandate a date for Plaintiff's

deposition to take place at the Courthouse.

Most recently, Plaintiff has used an inappropriate epithet toward defense counsel in an email.  In particular, she calls defense counsel an "Uncle Tom" and "[s]elf-hating" "phenotypically black" person and threatens to file a police report and grievance against him for merely emailing regarding discovery and scheduling matters.  (ECF No. 82, Exhibit A.) In her opposition to Defendants' motion, Plaintiff contends that "[a]s an African American woman, [she] clearly can refer to another black person as an Uncle Tom and [has] a right to do so."  She also suggests that her conduct and personal attacks on defense counsel are permissible because they "did not occur in open court."  (ECF No. 83.)

Threatening and personally insulting language of the sort Plaintiff has used toward defense counsel for merely doing his job as counsel for Defendants has no place in litigation — whether in court or when interacting with opposing counsel on matters related to the litigation — and is completely inappropriate.  Plaintiff is warned that further conduct of the sort described above will result in sanctions up to and including dismissal of her action.  *See, e.g.*, *James v. Kuhnle*, 19 Civ. 1175, 2022 WL 2046679 (E.D.N.Y. June 7, 2022) (dismissing case brought by pro se plaintiff due to his use of offensive language toward defense counsel and the court); *Scott-Iverson v. Indep. Health Ass'n*, No. 13-CV-451, 2017 WL 35453 (W.D.N.Y. Jan. 4, 2017) (granting sanctions against plaintiff for repeated remarks during depositions that defense counsel was a "racist" and averring that defense counsel was a "racist" in an affidavit in support of plaintiff's opposition); *Marseet v. Rochester Institute of Technology*, 20 Civ. 7096, 2024 WL 108681 (W.D.N.Y. 2024) (dismissing complaint as a sanction for use of offensive and abusive language).

Additionally, Plaintiff previously informed the Court that she is an attorney. New York Rules of Professional Conduct state that a lawyer may not engage in undignified or discourteous conduct. NY ST RPC Rule 3.3(f)(2) (McKinney). The conduct described above and as evidenced by the communication Plaintiff sent to defense counsel — and which she inexplicably defends as appropriate — violates this rule.

While it is routine for parties to communicate by email and exchange discovery by email, Plaintiff has objected to this method of communication even after the Court encouraged Plaintiff to sign-up for electronic notifications from the Court and to accept service by email to reduce delays in receiving documents. Nevertheless, the Court declines at this time to require Plaintiff to accept service by email. Defendants are directed to utilize regular U.S. mail for all communications with Plaintiff going forward.

## CONCLUSION

Defendants' motion is GRANTED insofar as Plaintiff is warned that she will be sanctioned if she engages in further abusive personal attacks on defense counsel. It is DENIED to the extent Defendants request that the Court order Plaintiff to accept email. Defendants shall communicate with Plaintiff by regular mail.

**The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and terminate the motion at ECF No. 82.**

**SO ORDERED.**

Dated: May 23, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge