```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2024

CARMAN WILLIAMS,

                Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                Defendants.

**DISCOVERY ORDER**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

      On May 28, 2024, Plaintiff Carman Williams filed a letter with the Court seeking to extend the discovery deadline of May 31, 2023 for 60 days for purposes of serving additional document requests and interrogatories related to Defendants' supplemental document production. (ECF No. 88.) Plaintiff complains generally about Defendants' production and asserts again that she did not receive ESI.[1]

      Defendants object to any extension of discovery. (ECF No. 96.) Additionally, Defendants request that a document Plaintiff attached to her letter motion be sealed.

      "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Federal Rule of Civil Procedure 16 does not set forth a definition of "good cause." However, any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action" and Rule 26's mandate to limit the extent of discovery when "the party seeking discovery has had ample

---

[1] The Court has already issued a decision regarding ESI and explained that Plaintiff did receive ESI – emails. That these were provided to her in hard copy format without metadata does not transform ESI into non-ESI. Plaintiff appears to dispute only the format of the production because it did not contain metadata. However, Plaintiff has never set forth a basis for the Court to find that metadata is relevant here. A party is not automatically entitled to metadata – rather, it must be relevant and proportional to the needs of the case.

opportunity to obtain the information" within the schedule set by the court. Fed. R. Civ. P. 1, 26(b)(2)(C). In determining whether a party has established good cause sufficient to justify modification of a Rule 16(b) scheduling order, courts have considered varying factors. Such factors differ based upon the posture of the case and the particular type of relief sought – for example, an extension of the discovery schedule, leave to file an untimely amended pleading, or a "reopening" of discovery. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019). "At a minimum, good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Pyke v. Cuomo,* No. 92CV554, 2004 WL 1083244, at *2 (N.D.N.Y. May 12, 2004) (citation omitted). Diligence "is not, however, the only consideration," and courts may consider other relevant factors, including any prejudice. *Kassner v. 2 $^{nd}$ Avenue Delicatessen Inc.,* 496 F.3d 229, 244 (2d Cir. 2007). Finally, it is well established that trial courts have broad authority to oversee and set a discovery schedule as appropriate for each case. *Williams v. Rosenblatt Sec., Inc.*, 236 F.Supp.3d 802, 803 (S.D.N.Y. 2017) (recognizing broad discretion of magistrate judges in resolving discovery disputes).

In this case, Plaintiff has failed to show good cause to extend the discovery deadline.[2] Plaintiff does not specify the particular information she is seeking other than to state generally it concerns supplemental document production and information about other poll workers who were recommended for termination. Such broad and vague reasons do not satisfy the good cause standard. Further, Plaintiff has had ample time to engage in discovery, and has

---

[2] Even though discovery is now closed, the Court treats the request as one for an extension of the deadline rather than to reopen discovery because Plaintiff's request was filed before the close of discovery.

propounded extensive discovery and received sufficient information to prosecute her case. The Court is also guided in this decision by Rules 1 and 26(b)(1), which require the Court to ensure that the rules are construed and administered to secure the just, speedy, and inexpensive determination of cases and ensure that discovery is proportional to the needs of the case. Here, additional discovery would not be proportional to the needs of this case in light of discovery obtained thus far (as reported by the parties in their letters to the Court) and the Court's own knowledge of discovery from the multiple discovery motions that it has addressed, as well as the amount in controversy and the issues at stake in the litigation.

As for Defendants' request that pages 5-8 of ECF No. 88 be sealed, that request is granted because such pages concern private employment and health information about individuals who are not parties to this case. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## CONCLUSION

Plaintiff's motion to extend discovery is DENIED. Defendants' motion to seal pages 5-8 of ECF No. 88 is GRANTED, and **the Clerk of Court is respectfully directed to place that portion of the filing under seal**.

Insofar as discovery is now closed, the parties shall write to the Honorable Arun Subramanian concerning any proposed motions for summary judgment and trial.

**The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.**

SO ORDERED.

Dated: June 7, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge