```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

CARMAN WILLIAMS,

                              Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                              Defendants.

**OPINON AND ORDER ON SECOND REQUEST FOR RECUSAL**

23-CV-5460 (AS) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

On June 5, 2024, Plaintiff Carman Williams filed a second motion for the undersigned to recuse pursuant to 28 U.S.C. § 455(a). (ECF No. 98.)

A judge should recuse herself when the judge harbors a "personal bias or prejudice" concerning a party or "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a-b). A recusal decision rests within the sound discretion of the judge whose recusal is sought. *See United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted). There is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption. *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).

Significantly, "[t]he alleged bias and prejudice to be disqualifying must stem from an *extrajudicial source* and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966) (emphasis added); *see also Apple v. Jewish Hospital and Medical Ctr.*, 829 F.2d 326, 333 (2d Cir.1987) (noting that the analysis "looks to extrajudicial conduct as the basis for

1

making such a determination, not conduct which arises in a judicial context"). The opinions of judges formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Recusal is only warranted if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted).

A judge has "an affirmative duty" not to unnecessarily disqualify herself, *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978), and indeed, "the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions[.]" *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 151 (S.D.N.Y. 2012), *objections overruled sub nom. Moore v. Publicis Groupe SA & MSL Grp.*, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Here, Plaintiff has not put forward any allegation or evidence of bias stemming from an extrajudicial source — and the court affirmatively disclaims the existence of any such bias or prejudice. Rather, Plaintiff protests this Court's denial of her request to extend discovery, the Court's denial of her request for "ESI," the Court's order limiting her from serving additional document requests, the Court's order setting a date certain for Plaintiff's deposition, and the Court's order admonishing Plaintiff for calling defense counsel an Uncle Tom. None of these rulings can be the basis for this Court to recuse, as they are simply discovery rulings issued in compliance with applicable Rules of Civil Procedure. Finally, Plaintiff speculates that "race is a

2

factor" in this Court's decision and states that nearly all of the Defendants are white as is the judge.  Needless to say, this is a wholly inadequate basis for Plaintiff to claim race is a factor in this Court's decision-making—and in fact the race of the parties has had absolutely no bearing whatsoever on this Court's decisions and never will have any bearing.  Rather, the Court's decisions are based on applicable Rules of Civil Procedure and other legal precedent.  Accordingly, the motion to recuse is DENIED.

**The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to terminate the motion at ECF No. 98 as denied by this Order.**

SO ORDERED.

Dated: June 20, 2024

New York, New York

*Katharine H Parker*
_____
KATHARINE H. PARKER

United States Magistrate Judge