USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                         Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                         Defendants.

**DISCOVERY ORDER**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On June 5, 2024, Plaintiff Carman Williams filed a letter with the Court seeking to reopen discovery. (ECF No. 97.) The reason she requests that discovery be reopened is so that she can prepare a Rule 37 motion to address Defendants' failure to respond to unspecified interrogatories and certain document requests drafted and served after her first motion to compel. Although not entirely clear from her letter, the Court believes that the more recent document requests to which Plaintiff is referring pertain to the Defendants' production of certain documents that they were ordered by the Court to produce, including information about other poll workers who were discharged or recommended for dismissal. Plaintiff also re-requests "ESI" but for the first time specifies that she wishes to know whether any of the emails/communications produced in discovery were blind copied to persons not reflected on the hard paper print outs she received. She further states that Donna Ellaby's ESI was not searched "per the response from defense counsel" and requests that Donna Ellaby's ESI be searched.

"A district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liability Litig.,* 517 F.3d 76, 103 (2d Cir. 2008); *Clark v. Hanley*, 89 F.4th 78, 98 (2d

Cir. 2023) ("District courts are vested with wide latitude to determine the scope of discovery and we ordinarily defer to the discretion of district courts regarding discovery matters.") (internal citations omitted). Under the Federal Rules of Civil Procedure, discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" Fed. R. Civ. P. 26(b)(1).  Nevertheless, the broad standard of relevance is not a license for unrestricted discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Gucci Am., Inc. v. Guess?, Inc.,* 790 F. Supp. 2d 136, 139–40 (S.D.N.Y. 2011). District courts may limit discovery if, among other reasons, they determine certain discovery sought is unreasonably cumulative or duplicative, if the party seeking discovery already had ample opportunity to obtain the information sought, if the discovery is disproportional to the case, or if the burden or expense of the discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1-2). Importantly, under Rule 16(b), district courts are required to enter scheduling orders "that limit the parties' time to complete discovery." *McKay v. Triborough Bridge & Tunnel Auth.,* No. 05 Civ. 8936(RJS), 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007).

Reopening discovery after the discovery period has closed requires a showing of good cause. *Eng–Hatcher v. Sprint Nextel Corp.,* No. 07 Civ. 7350 (BSJ)(KNF), 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008).

Here, Plaintiff has not shown good cause to reopen discovery except to a very limited extent.  Specifically, Plaintiff's request for information on bcc's is reasonable.  Accordingly, discovery is reopened for purposes of Defendants reproducing the emails they provided to plaintiff in electronic format, saved on a thumb drive mailed to Plaintiff, containing metadata to

reflect bcc's, if any, on the emails. This should be produced by June 28, 2024. To the extent Plaintiff seeks to reopen discovery to move to compel responses to document requests served after her First and Second Requests for Documents, that request is denied because this Court already issued a considered decision that prohibited Plaintiff from serving additional document requests and interrogatories as disproportionate to the needs of the case in light of the discovery already conducted and ordered. (See ECF No. 80.) To the extent Plaintiff seeks to reopen discovery to move to compel responses to interrogatories, it is unclear to this Court what interrogatories Plaintiff is referring to. This Court prohibited Plaintiff from serving further interrogatories at ECF No. 80. Nevertheless, to the extent there are specific discrete interrogatories that Plaintiff served on Defendants before May 13, 2024 and that do not concern topics that this Court already found to be overbroad and disproportionate to the needs of the case, the Court will permit Plaintiff until July 3, 2024 to file a motion to compel responses. Any such motion must attach the specific interrogatories served on Defendants and Defendants answers thereto. Defendants shall have 14 days to respond to the motion. No reply permitted.

     Plaintiff has stated that Defendants did not search Defendant Donna Ellaby's emails or text messages. The Court does not have a response from Defendants on this issue, but the Court notes that Defendants have represented that they produced all of the documents ordered by the Court in its Order at ECF No. 80 and provided a list of custodians, as required. If, in fact, Ellaby was not a custodian, then the Court requires a response from Defendants as to why they did not include Ellaby as a custodian. Insofar as Ellaby is the person alleged to have denied Plaintiff's request to work during early voting and is alleged to have received a report of

Plaintiff's poor work performance, the Court would expect Ellaby to have responsive, relevant information.  Therefore, by June 28, 2024, Defendants shall file a letter with the Court stating whether they sought documents from Ellaby responsive to Plaintiff's First and Second Requests for Documents as narrowed by this Court and if not, why not.  Once the Court receives this response, it will determine whether to also reopen discovery to allow discovery of relevant information from Ellaby.

Finally, Plaintiff asserts that Defendants' privilege log is inadequate.  By June 28, 2024, Defendants shall provide the Court with a copy of the privilege log they served on Plaintiff.

## CONCLUSION

Plaintiff's motion to reopen discovery is granted in part and denied in part.  By June 28, 2024, Defendants shall:  1) reproduce the emails they provided to plaintiff in electronic format, saved on a thumb drive and mailed to Plaintiff, containing metadata to reflect bcc's, if any, on the emails; 2) file a letter with the Court stating whether they sought documents from Ellaby responsive to Plaintiff's First and Second Requests for Documents as narrowed by this Court and if not, why not; and 3) provide the Court with a copy of the privilege log they served on Plaintiff.  By July 3, 2024, Plaintiff shall file a formal motion to compel responses to interrogatories served before May 13, 2024 to which she did not receive an appropriate response and that do not concern topics that this Court already found to be overbroad and disproportionate to the needs of the case as set forth in ECF No. 80.  Defendants have 14 days to oppose the motion to compel.  No reply permitted.

**The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

Dated: June 20, 2024
      New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge