USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                Defendants.

**DISCOVERY ORDER**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On June 20, 2024, the Court issued a discovery order that, among other things, ordered Defendants to reproduce emails they had previously produced to Plaintiff, but in an electronic format, so that the bcc field was viewable (the "Order"). (ECF No. 104.) On June 25, 2024, Defendants filed a letter requesting an extension of the deadline to comply with the Order as well as a narrowing of the scope of the Order so that Defendants were only required to reproduce those emails that related to Plaintiff's requests to work early voting in the spring of 2022. (ECF No. 108.) Defendants asserted that since Plaintiff does not have access to e-discovery software, Defendants cannot reproduce the emails in their native format but rather must save each email individually, apply redactions and reproduce each as a text-searchable PDF.

The Court extended the deadline for Defendants to comply with the Court's Order, but did not rule on the request regarding the scope of the reproduction in order to give Plaintiff an opportunity to respond to Defendants' request. (ECF No. 110.) The Court has not received a response from Plaintiff.

Defendants have demonstrated through their submission that there are few emails with bcc's and that the Court's Order would be unduly burdensome and disproportionate to the needs of the case due to the fact that reproducing all emails with bcc lines would be a time-consuming process likely resulting in little relevant information.  For this reason, the Court will narrow its Order of production but in a different way than Defendants suggest.  Instead of narrowing the subject matter, the Court will narrow the Order to require reproduction of emails that actually were bcc'd to a person.  Said another way, Defendants do not need to reproduce those emails where no one was bcc'd.  This modification allows Plaintiff to learn who was bcc'd, if anyone, on the entire production.  Defendants can utilize their e-discovery platform to quickly identify those emails where a person was bcc'd and then follow the process they propose with a searchable pdf.  Defendants shall make this reproduction by **Thursday, July 25, 2024**. Defendants shall also file a letter with the Court by **Friday, July 26, 2024**, certifying that all previously produced emails that contain a bcc line have been reproduced to Plaintiff in electronic form.

**The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

Dated: July 9, 2024
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge