> This motion (which is properly construed as a motion for judgment on the pleadings) is granted in part and denied in part. It is granted as it relates to the Title VII claims alleging individual liability against Ms. Ellaby, Ms. Winer, and GC Patel because "there is no individual liability under that statute." *Iwelu v. New York State Off. of Mental Health*, 2024 WL 2175938, at *2 n.5 (2d Cir. May 15, 2024).
>
> The motion is also granted as it relates to the libel claim. As Defendants point out, the complaint alleges that the false statements were made in a response in an administrative proceeding and "communications made in the course of quasi-judicial or administrative proceedings" are "absolutely privileged and cannot be used later in an action alleging defamation." *Missick v. Big V Supermarkets, Inc.*, 495 N.Y.S.2d 994, 997 (3d Dep't 1985); *see Wellsville Manor, LLC v. Campbell*, 2020 WL 7180987, at *4 (W.D.N.Y. Dec. 7, 2020). Indeed, Plaintiff fails to respond to this argument.
>
> The motion for judgment on the pleadings is denied in all other respects, as the Court finds that the complaint has "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" as it relates to those other claims. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).
>
> The Clerk of Court is directed to terminate the motion at Dkt. 32.
>
> SO ORDERED.
>
> *[signature]*
> Arun Subramanian, U.S.D.J.
> Date: August 8, 2024

Docket No. 23-cv-05460-PGG-KHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                                  Plaintiff,

v.

NYC BOARD OF ELECTIONS et al,

                                  Defendants.

**DEFENDANT NYC BOARD OF ELECTIONS, DEFENDANT DONNA ELLABY, DEFENDANT CAROL WINER, AND DEFENDANT HEMALEE PATEL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants Board of Elections in the City of New York, Donna Ellaby, Carol Winer, and Hemalee Patel*
*100 Church Street, Room 2-141*
*New York, New York  10007*

*Of Counsel:  Rodalton Poole*
*Tel:  (212) 356-2441*
*Matter No.:  2023-072359*

# Table of Contents

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS** ....................................................................................................... 2

    A. BACKGROUND ............................................................................................................. 2

**ARGUMENT** ............................................................................................................................. 4

    POINT I ................................................................................................................................ 4

        INDIVIDUAL DEFENDANTS ARE NOT
        SUBJECT TO SUIT UNDER TITLE VII ................................................... 4

    POINT II ............................................................................................................................... 4

        PLAINTIFF FAILS TO STATE A CLAIM
        AGAINST DEFENDANTS CAROL WINER AND
        HEMALEE PATEL FOR RETALIATION
        PURSUANT TO 42 U.S.C. § 1983; AND THERE
        IS NO INFERENCE OF RETALIATION FOR
        ACTS OCCURRING AFTER PLAINTIFF FILED
        THE NYSDHR COMPLAINT ..................................................................... 4

    POINT III .............................................................................................................................. 8

        PLAINTIFF FAILS TO STATE A CLAIM FOR
        LIBEL PER SE AGAINST HEMALEE PATEL. ....................................... 8

    POINT IV ............................................................................................................................. 9

        PLAINTIFF IS NOT ENTITLED TO FIRST
        PRIORITY WHEN WORKING ELECTIONS,
        PURSUANT TO NEW YORK STATE ELECTION
        LAW AND WAS DENIED AN ASSIGNMENT
        BASED ON POOR PERFORMANCE ........................................................ 9

**CONCLUSION** ....................................................................................................................... 10

**Cases**

*Abouin v. Bob's Disc. Furniture*, LLC., 2021 U.S. Dist. LEXIS 124119 ........................................ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 6

*Bassi v. New York Med. Coll.*, 2023 WL 2330478 (S.D.N.Y. Mar. 2, 2023) ................................. 5

*Bridge C.A.T. Scan Associates v. Ohio-Nuclear, Inc*. 608 F. Supp. 1187, 1194 (S.D.N.Y. May 14, 1985) ........................................................................................................................................... 8

*Coleman v. brokersXpress*, LLC, 2008 WL 4778675 (S.D.N.Y. Oct. 30, 2008) ........................... 6

*Daytree at Cortland Square, Inc. v. Walsh*, 2022 WL 2345820 (2d Cir. June 29, 2022) ............... 8

*Gonzalez v. City of New York*, 845 F. App'x 11, 13-14 (2d Cir. Feb 9, 2021) .............................. 4

*Harris v. N.Y.C. Human Res. Admin.*, 2022 WL 3100663 (S.D.N.Y. Aug. 4, 2022) .................... 7

*Hernandez v. New York City Law Dep't Corp. Counsel* .................................................................. 4

*Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 2023 WL 2691622 (S.D.N.Y. Mar. 29, 2023) ........................................................................................................................................................... 5

*Loughlin v. Goord*, 558 F. Supp. 3d 126, 150 (S.D.N.Y. Sept. 1, 2021) ....................................... 8

*McClean v. Cty. Of Westchester*, 2018 WL 6329420 (S.D.N.Y. Dec. 3, 2018) ............................ 6

*Penz v. Fields*, 2023 WL 4211122 (S.D.N.Y. June 27, 2023) ......................................................... 4

*Sheindlin v. Brady*, 597 F. Supp. 3d 607 (S.D.N.Y. Apr. 7, 2022) ................................................. 8

*Sherman v. Fivesky, LLC*, 2020 WL 2136227 .................................................................................... 5

*Thomson v. Morris Heights Health Ctr.*, 2012 U.S. Dist. LEXIS 49165 (S.D.N.Y. Apr. 6, 2012) 7

*Tomka v. Seiler Corp.*, 66 F. 3d 1295, 1313 (2d Cir.1995) ............................................................... 4

**Statutes**

N.Y. S. Election Law, Ch. 17, Art. 3, Title 4, § 3-404(2) ................................................................ 17

New York State Election Law § 3-404(2) ........................................................................................ 17

New York State Election Law § 3-404(5) ................................................................................... 18

## PRELIMINARY STATEMENT

Carman Williams ("Plaintiff"), a former New York City poll inspector, brings this action against Defendants Board of Elections in the City of New York (s/h/a "NYC Board of Elections")("BOE"), Donna Ellaby ("Ms. Ellaby"), Carol Winer ("Ms. Winer"), Reshma Patel, and General Counsel for BOE, Hemalee Patel ("GC Patel"), alleging retaliation, pursuant to 42 U.S.C. § 2000, et seq. ("Title VII"); 42 U.S.C.§ 1983 ("§ 1983"); New York State Human Rights Law § 290 ("SHRL"); and New York City Human Rights Law ("CHRL"). Additionally, Plaintiff brings a claim of libel per se against GC Patel. All defendants in this action are represented by Corporation Counsel of the City of New York except Reshma Patel, who is not a City employee and appears pro se, and John and Jane Does 1-10, who have not been identified.

Plaintiff's Complaint alleges that she was retaliated against based on two protected activities. First, on May 31, 2022, Plaintiff emailed BOE employee Debra Leible ("Ms. Leible"), accusing Donna Ellaby of retaliation for unspecified conduct. *See* Compl. EFC Dkt. 1 ¶ 3 (For the convenience of the Court, Plaintiff's Complaint has been annexed hereto as Appendix "1"). In the email, Plaintiff expressed to Ms. Leible her belief that Ms. Ellaby was a "racist" trying to interfere with her ability to work. *See* **Exhibit 1** to Defendants' Answer ("Def. Ans."). Second, on June 8, 2022, Plaintiff filed a complaint with the New York State Division on Human Rights ("NYSDHR"), accusing BOE of "race-based retaliation." *See* **Exhibit 6** of Def. Ans. Plaintiff alleges that, because she made these complaints, Defendants denied her the privilege of working early voting shifts during the New York City elections held in June and August of 2022. Appendix 1, ¶ 3. The Complaint also accuses BOE of giving her negative performance reviews as retaliation. *Id*.

However, as it pertains to Carol Winer and Hemalee Patel, Plaintiff has failed to allege plausible facts that demonstrate unlawful retaliation. Also, because Ms. Ellaby notified Plaintiff of her employment decision regarding future assignments prior to the filing of the NYSDHR complaint, Plaintiff cannot show that there was retaliation for the June 8, 2022 complaint. Lastly, Plaintiff bases her libel claim on statements entered by Hemalee Patel in the BOE's Response to the NYSDHR complaint. However, given that GC Patel was acting in her capacity as an attorney for BOE, she enjoys absolute privilege regarding the legal representation she provides in this matter.

For these reasons, and as explained fully below, the allegations against Carol Winer and Hemalee Patel, and all claims of retaliation for the NYSDHR complaint must be dismissed, pursuant to Federal Civil Procedure Rule 12 (c).

## STATEMENT OF FACTS

**A. Background**

Plaintiff was a poll worker with the NYC Board of Elections for approximately 14 years. Appendix 1, ¶ 3. In early 2022, Plaintiff contacted Debra Leible, BOE Manager of Election Day Operations, making a request to work early voting in June of 2022. Appendix 1, ¶ 5. In response, Ms. Leible directed Plaintiff to contact Donna Ellaby, the then Early Voting Supervisor for Manhattan. *Id*. Plaintiff's request was neither immediately granted nor denied. *Id*.

On May 31, 2022, Plaintiff contacted Ms. Leible again via email, claiming that Ms. Ellaby had not responded. *See* **Exhibit 1** to Def. Ans. In that correspondence to Ms. Leible, Plaintiff stated: "Donna Ellaby, I believe, is a racist, who is trying to interfere with my ability to work [sic] and I believe this to be actionable retaliation and will file a complaint with the appropriate agency

under applicable law." *Id*. Plaintiff's email never specified what Ms. Ellaby might have been retaliating against, and nothing in Plaintiff's Complaint suggests that she had engaged in any protected activity prior to May 31, 2022 that might invite retaliation. Further, nothing in the Complaint suggests that Plaintiff and Ms. Ellaby had met prior to the May 31, 2022 email.

Plaintiff claims that on June 1, 2022, she received a response from Ms. Ellaby denying her early voting assignments. Appendix 1, ¶, Sect. 3; *see* **Exhibit 2** to Def. Ans. The reason given by Ms. Ellaby was that she had received reports of Plaintiff's poor work performance. Appendix 1, p. 4, ¶ 5, Sect. 10; **Exhibit 2** of Def. Ans.

Ms. Ellaby went on to state, "We need you to demonstrate that you're a team player who is committed to serving the voter. We will reassess Early Voting after you have worked the upcoming primaries of June 28th and August 23rd." **Exhibit 2** to Def. Ans.

Based on her inability to secure the desired early voting assignments for the rest of 2022, Plaintiff filed a complaint with the NYSDHR on June 8, 2022. *See* **Exhibit 6** to Def. Ans. Plaintiff was then assigned to work election day, June 28, 2022. Appendix 1, p. 6, ¶ 8, Sect. 2. However, Plaintiff failed to appear for that shift. *Id*.

Later, on August 12, 2022, BOE, through its General Counsel, Hemalee Patel, filed its Response to the NYSDHR complaint, citing, *inter alia*, Plaintiff's "extensive record of unsatisfactory performance." **Exhibit 9** to Def. Ans. at p. 5. Then, on August 23, 2022, Plaintiff was again assigned to work election day, while her complaint was being investigated by NYSDHR. *Id*. at p. 3. On November 22, 2022, NYSDHR notified Plaintiff that it was contemplating closing her investigation because Plaintiff had indicated she would "pursue federal remedies in court." **Exhibit 8** to Def. Ans. Since spring of 2022, Plaintiff has sent BOE employees numerous emails

3

threatening litigation, accusing staff of lying, and calling Ms. Ellaby an "anti-black racist." **Exhibit 5** to Def. Ans. For the reasons set forth below, all allegations against Ms. Winer and GC Patel must be dismissed. Further, all claims of retaliation based on Plaintiff's NYSDHR complaint fail and must be dismissed as well.

## ARGUMENT

### POINT I

**INDIVIDUAL DEFENDANTS ARE NOT SUBJECT TO SUIT UNDER TITLE VII**

First, Plaintiff cannot bring Title VII claims against Ms. Ellaby, Ms. Winer, or GC Patel as agents of BOE because there is no individual liability under Title VII. *Tomka v. Seiler Corp.*, 66 F. 3d 1295, 1313 (2d Cir.1995). In *Tomka*, the court ruled that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Id*. Similarly, in *Hernandez v. New York City Law Dep't Corp. Counsel*, this Court stated, "It is black letter law in the Second Circuit that 'individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII.'" 1997 WL 27047 (S.D.N.Y. Jan. 23, 1997). Therefore, Plaintiff's Title VII claims against the individually-named defendants must be dismissed.

### POINT II

**PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS CAROL WINER AND HEMALEE PATEL FOR RETALIATION PURSUANT TO 42 U.S.C. § 1983; AND THERE ARE NO ADVERSE**

4

## ACTIONS OCCURRING AFTER PLAINTIFF FILED HER NYSDHR COMPLAINT

As it pertains to the § 1983 claims, a court's evaluation mirrors the analysis of such a claim under Title VII. *Penz v. Fields*, 2023 WL 4211122 (S.D.N.Y. June 27, 2023); *Gonzalez v. City of New York*, 845 F. App'x 11, 13-14 (2d Cir. Feb 9, 2021). Furthermore, all allegations of retaliation may be reviewed under the same legal standard for both Plaintiff's state and federal claims because "[t]he language in NYSHRL is similar to that of Title VII, and as a result, the standards for discrimination . . . and retaliation claims are the same . . ." *Sherman v. Fivesky, LLC*, 2020 WL 2136227; *Abouin v. Bob's Disc. Furniture*, LLC., 2021 U.S. Dist. LEXIS 124119. To make a prima facie case of retaliation under federal and state law, Plaintiff must show that (1) she was engaged in a protected activity, (2) her employer was aware of the activity, (3) the employer took adverse action against her, and (4) a casual connection existed between the protected act and the adverse action. *Bassi v. New York Med. Coll.*, 2023 WL 2330478 (S.D.N.Y. Mar. 2, 2023) In the instant case, even under the most liberal interpretation of federal, state, and local law, all claims against Carole Winer and Hemalee Patel fail. Additionally, because Donna Ellaby's employment action predated Plaintiff's NYSDHR complaint, all claims of retaliation based on that June 8th filing fail as well.

**A. Plaintiff has not pleaded sufficient facts to support a claim of retaliation against Carol Winer or Hemalee Patel.**

As it relates to Ms. Winer, Plaintiff fails to allege any adverse action. She therefore fails to state a claim upon which relief can be granted in a retaliation case. To restate, Plaintiff has the burden of demonstrating that an employer took adverse action to establish a prima facie case of retaliation. *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 2023 WL 2691622 (S.D.N.Y. Mar. 29, 2023). Though Plaintiff blankly accuses Ms. Winer of retaliation, the Complaint fails to

demonstrate how or when Ms. Winer denied Plaintiff work privileges. *See* Appendix 1, ¶ 7. In fact, Plaintiff claims that it was Ms. Ellaby who denied her early voting shifts, not Ms. Winer. Appendix 1 ¶ 3 and ¶ 5, Sect. 7. Plaintiff claims it was Ms. Ellaby who "doubled down" on her position, not Ms. Winer. Appendix 2, ¶ 15. To add, by Plaintiff's own admission, Ms. Ellaby was "in charge of Early Voting," not Ms. Winer. *Id*. at ¶ 3. Overall, the few allegations made against Ms. Winer are vague and conclusory. Those statements which only restate the elements of Plaintiff's claim, only serve to describe Ms. Winer's position within BOE yet fail to allege any specific action she took against Plaintiff.

The U.S. Supreme Court has made clear that pleadings containing mere "labels and conclusions or formulaic recitation of elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The court in *Iqbal* went on to state that, "for purposes of a motion to dismiss . . . we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 678. To add, this Court has ruled in favor of defendants where a plaintiff has made mere conclusory statements about retaliation. *See Coleman v. brokersXpress*, LLC, 2008 WL 4778675 (S.D.N.Y. Oct. 30, 2008) (Plaintiff offered conclusory statements in support of his VII, state, and city claims, and this was deemed insufficient to prove a case of retaliation).

In this case, Plaintiff pleads no factual allegations against Ms. Winer to support an inference of retaliation. Thus, Plaintiff has not met her burden, and all claims against Ms. Winer must be dismissed.

Also, with regard to GC Patel, Plaintiff states no allegations against her for retaliation. Plaintiff has imputed GC Patel through use of the Complaint captions, which read: "Retaliation <u>AS TO</u>

6

ALL DEFENDANTS" (Appendix 1, pp. 3, 7, 8, and 9.); however, Plaintiff fails to plead facts related to GC Patel beyond that.

When "a plaintiff fails to make specific factual allegations concerning the illegal conduct and the resultant harm, the complaint fails to state a claim for deprivation of civil rights under § 1983." *McClean v. Cty. Of Westchester*, 2018 WL 6329420 (S.D.N.Y. Dec. 3, 2018). Therefore, because Plaintiff fails to make specific allegations—or any allegations at all—against Hemalee Patel, as it pertains to retaliation, the claims against her must be dismissed, also.

## B. There is no inference of retaliation for events occurring after the June 8, 2022 complaint to NYSDHR because Plaintiff failed to appear for her June 28, 2022 shift.

Plaintiff also alleges that her complaint to the NYSDHR constituted a second protected activity. Appendix 1 ¶ 8. However, Ms. Ellaby could not have retaliated based on her knowledge of that complaint because she denied Plaintiff's request seven days before it was filed. *See* **Exhibits 2 and 6** of Def. Ans. To restate, Ms. Ellaby informed Plaintiff on June 1, 2022 that she would not be allowed to work early voting for June of 2022. **Exhibit 2** of Def. Ans. That meant that subsequent requests made by Plaintiff to work that month had been rejected before Plaintiff filed the NYSDHR complaint. Furthermore, given that Plaintiff failed to appear for general election duty on June 28, 2022 (*see* Appendix 1 ¶ 8; *see* **Exhibit 2** of Def. Ans.; **Exhibit 9** of Def. Ans., p. 3), Ms. Ellaby was unable to re-evaluate her conduct to determine whether she would be eligible to work early voting on future dates.

According to this Court, no retaliatory inference can fairly be drawn when an action predates a complaint then persists after the Plaintiff's filing. *Thomson v. Morris Heights Health Ctr.*, 2012 U.S. Dist. LEXIS 49165 (S.D.N.Y. Apr. 6, 2012) (Defendant's non-responsiveness pre-dated

Plaintiff's complaint and continued after, thereby eliminating the inference of retaliation); *Harris v. N.Y.C. Human Res. Admin.*, 2022 WL 3100663 (S.D.N.Y. Aug. 4, 2022) (the Court declined to consider any acts that occurred before the date the plaintiff filed the complaint). Therefore, all claims against Ms. Ellaby and BOE for retaliation related to the NYSDHR complaint must be dismissed, as well.

### POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR LIBEL PER SE AGAINST HEMALEE PATEL

Lastly, Plaintiff's claim of liber per se must be dismissed because GC Patel has absolute privilege regarding the response she submitted on behalf of BOE. It is a well-settled tenant of New York law that "[a] statement made in the course of judicial proceedings is absolutely privileged if, by any view or under any circumstance, it may be considered pertinent to the litigation." *Daytree at Cortland Square, Inc. v. Walsh*, 2022 WL 2345820 (2d Cir. June 29, 2022). Also, as this Court has found, "Statements made in a pleading . . . are absolutely privileged*." Bridge C.A.T. Scan Associates v. Ohio-Nuclear, Inc*. 608 F. Supp. 1187, 1194 (S.D.N.Y. May 14, 1985). To add, the Second Circuit has ruled that, even in early stages of litigation, this "privilege is intended to protect attorneys from defamation claims so that those discharging a public function may speak freely to zealously represent their clients without fear of reprisal or financial hazard." *Loughlin v. Goord*, 558 F. Supp. 3d 126, 150 (S.D.N.Y. Sept. 1, 2021); *see Sheindlin v. Brady*, 597 F. Supp. 3d 607, 629 (S.D.N.Y. Apr. 7, 2022) (citing that New York State recognizes absolute privilege to written communication made in the course of judicial proceedings.)

As General Counsel for BOE, Hemalee Patel is charged with representing the agency in litigation matters such as this. *See* **Exhibit 9** of Def. Ans., p. 11. Her response was pled in regards

to an administrative investigation and in anticipation of further judicial proceedings. *Id*. GC Patel was acting in her official capacity when responding to Plaintiff's charges and is thus protected by absolute privilege. Therefore, the allegations against her for libel per se must be dismissed.

### POINT IV

### PLAINTIFF IS NOT ENTITLED TO FIRST PRIORITY WHEN WORKING ELECTIONS, PURSUANT TO NEW YORK STATE ELECTION LAW AND WAS DENIED AN ASSIGNMENT BASED ON POOR PERFORMANCE

It should also be noted that Plaintiff is not automatically entitled to assignments under state law. In fact, New York State Election Law § 3-404(2) states: "Each political party entitled to a representation on any board of elections may . . . file with the appropriate board of elections, an original list of persons recommended to serve." N.Y. S. Election Law, Ch. 17, Art. 3, Title 4, § 3-404(2).  Further, "[a]ll designations shall be made first from those named in the original list filed if those designated are found qualified." *Id*. However, according to New York State Election Law § 3-404(5): "If a political party shall fail to submit a list or the list shall be exhausted, the board of elections shall request from the appropriate political party an original or supplemental list. If after ten days no list is filed by that party, the board . . . **may** appoint **qualified** persons . . . to act as election inspectors, poll clerks, or election coordinators." *Id.* at Sect. 5.

The poll inspectors serving for BOE are not prioritized in the above-referenced selection process. Those named by participating political parties are chosen first. Only after the parties' priority lists are exhausted can BOE assign its own poll inspectors to any remaining vacancies.

Given that Plaintiff served as a poll inspector for BOE, she would not receive priority in any circumstance in which there were candidates selected by political parties available to work

9

elections. Plaintiff was not recommended by one of the political parties permitted to do so and was not included on any subject lists submitted to BOE. **Exhibit 9** of Def. Ans. Therefore, by law, BOE had limited discretion in determining whether she could be assigned to work early voting. *See Id*. Furthermore, BOE assigns early voting to only the highest-performing poll inspectors. *Id*. As noted by GC Patel in BOE's Response to the NYSDHR complaint, this does not include Plaintiff. **Exhibit 9** of Def. Ans.; *see* **Exhibit 3** and **Exhibit 4** of Def. Ans. Any determination made by BOE staff to deny Plaintiff early voting assignments was based on her poor deportment, which rendered her unqualified to work early voting. *See* **Exhibit 2**, **Exhibit 3** and **Exhibit 4** of Def. Ans.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion for a Judgment on the Pleadings be granted pursuant to Fed. R. Civ. P. 12(c), that all allegations against Carol Winer and Hemalee Patel be dismissed in their entirety, that all allegations of retaliation based on Plaintiff's NYSDHR complaint be dismissed in their entirety, that the relief requested be denied in all respects, that judgment be entered for the Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           November 9, 2023

                                                              **HON. SYLVIA O. HINDS-RADIX**
                                                              Corporation Counsel of the City of New York
                                                              Attorney for Defendants
                                                              100 Church Street, Room 2-141
                                                              New York, New York 10007
                                                              (212) 356-2441

ropoole@law.nyc.gov

By:     /s/
Rodalton Poole
Assistant Corporation Counsel