```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                    Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                    Defendants.

**DISCOVERY ORDER**

**23-CV-5460 (AS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

      On August 21, 2024, Plaintiff Carman Williams filed a motion for sanctions against Defendants for failure to provide discovery documents as they are kept in the ordinary course of business and failure to produce a redaction log (the "Motion for Sanctions"). (ECF No. 159.) On August 23, 2024, Plaintiff filed a letter concerning the Court's August 19, 2024 Order raising many of the same arguments asserted in the Motion for Sanctions, and also stating that Defendants have not produced coordinator journals from her work at P.S. 116 in 2019, or journals from Bridget McNeil in or about August 2022. (ECF No. 158.) On September 12, 2024, Plaintiff filed a letter requesting that the briefing schedule for the motion for summary judgment be extended and that discovery be reopened. (ECF No. 165.) Plaintiff filed another letter on September 17, 2024 asserting that relevant emails between Plaintiff and Bryan Cambrelen beginning in or around April 2022 have not been produced. (ECF No. 168.) Plaintiff also renewed her request to reopen discovery and asked that she be permitted to serve interrogatories on Cambrelen. On September 20, 2024, Defendants filed a letter responding to the assertions contained in all four of Plaintiff's letters/motions (the "Opposition letter"). (ECF No. 169.) On September 23, 2024, Plaintiff filed a letter seeking further discovery regarding a

document produced by Defendants that lists poll workers who were recommended for termination. (ECF No. 172.) On September 24, Plaintiff filed an additional letter, raising the same arguments in her previous letters, and also asserting that the Court should require Defendants to "produce sworn statements under oath" concerning the discovery searches Defendants have undertaken because Plaintiff does not believe defense counsel's statements about what has been searched and produced. (ECF No. 173.)

**Motion for Sanctions**

In the Motion for Sanctions, Plaintiff seeks an Order from the Court directing Defendants to produce documents as they are kept in the ordinary course of business, pursuant to Federal Rule of Civil Procedure ("Rule") 34. Plaintiff also seeks an Order precluding Defendants from "introducing any evidence or testimony regarding the documents that were not properly produced in compliance with Rule 34." Plaintiff additionally seeks an Order requiring Defendants to produce a redaction log and to produce unredacted copies of all documents that were produced with redactions.

Rule 37 "governs the district court's procedures for enforcing discovery orders and imposing sanctions for misconduct." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 158 (2d Cir. 2012). The rule's sanction provisions serve several purposes including to "ensure that a party will not benefit from its own failure to comply;" to deter and "obtain compliance with the particular order issued;" and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *Nati'l Hocky League v. Metro. Hockey Club*, Inc., 427 U.S. 639 (1976)).

Rule 37(a) permits a party to move for an order compelling disclosure or discovery and must be accompanied by a certification that the movant has in good faith attempted to confer with the other party in an effort to obtain the discovery without resort to a motion. Fed. R. Civ. P. 37(a)(1). The Rule can be invoked for failure to answer deposition questions, produce documents in accordance with Rule 34, and also for evasive or incomplete disclosures or production. Fed. R. Civ. P. 37(a)(3-4).

If a Rule 37(a) motion is denied, the Court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).  If a Rule 37(a) motion is granted, the court similarly must order the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in bringing the motion, including attorney's fees, unless the movant filed the motion without first conferring in good faith to resolve the matter, the opposing party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A).

### a. Producing Documents as they are Kept in the Usual Course of Business

Pursuant to Rule 34, a party producing documents in response to discovery requests must either produce them "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Although the Rule does not define "usual course of business," the Rule "was intended to minimize the burden of production while maintaining the internal logic reflecting business use."

*Laboy v. Quality Auto. Servs., Inc.*, No. 21 CV 2501 (RPK)(RML), 2023 WL 10354091, at *3 (E.D.N.Y. June 20, 2023). Simply "dumping large quantities of unrequested materials onto the discovering party along with the items actually sought" would not be in compliance with the Rule. *Id.*

In support of Plaintiff's assertion that Defendants produced emails to her *not* as they were kept in the ordinary course of business, Plaintiff filed a declaration that attached several emails, produced to her by Defendants. (ECF No. 160.) In the declaration, Plaintiff states that the emails weren't kept in the ordinary course of business because "[t]here were multiple emails on both sides of a double-sided photocopied page of an 8 ½ in. x 11 page document." The Court has reviewed the emails Plaintiff attached to her declaration. Although there are multiple emails on a single page, the emails are all part of the same chain, which is consistent with how they would be kept in the ordinary course of business. That is, Defendants produced an email, the response to that email, and any further responses, in the order in which they were sent. There is no indication, or allegation from Plaintiff, that Defendants dumped "large quantities of unrequested materials" on to Plaintiff. *Laboy*, 2023 WL 10354091, at *3.

Because there is no basis for finding Defendants did not comply with Rule 34, Plaintiff's Motion for Sanctions for failure to provide documents as they are kept in the usual course of business is DENIED.

b. **Redaction Log and Production of Emails Without Redactions**

Plaintiff claims Defendants have not provided a redaction log, although she attaches the log provided by Defendants to her submissions. Plaintiff also states that the redacted emails are improperly redacted as the communications are not actually privileged. In response,

Defendants assert that they provided Plaintiff with a redaction log, and that the redacted emails were appropriately redacted. Defendants also provided unredacted versions of the emails to the Court for *in camera* review.

Pursuant to Rule 26(b)(5)(A), a party withholding documents based on privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In addition, Local Rule 26.2 requires that a party withholding documents due to privilege provide, "(i) the type of document, e.g., letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]" Local Civil Rule 26.2(a)(2)(A).

Defendants' privilege log contains the bates numbers of each email, the sender and recipient, the subject line of the email, the asserted privilege, as well as the date sent.[1] Plaintiff does not identify a particular problem with Defendants' log, but rather asserts that Defendants have not provided one. Defendants have in fact provided a redaction log that contains the information required by Rule 26 and Local Rule 26.2. Further, the information required by Rule 26 and Local Rule 26.2 can be gleaned from the emails themselves because the emails have

---

[1] The log Plaintiff attached to her declaration does not contain the date of the last two email chains. But it is the Court's understanding that Defendants provided Plaintiff with a corrected log on July 5, 2024. (*See* ECF No. 115.) In any case, since Defendants have produced the emails to Plaintiff, just in redacted form, Plaintiff is able to see the dates in the emails themselves.

been produced to Plaintiff in redacted form.  Therefore, Plaintiff can see when each email was sent, to whom, from whom, and the subject line.

Plaintiff also asserts that the redacted emails, which concern FOIL requests that Plaintiff had filed with the Board of Elections, should not be protected by the attorney-client privilege because the present lawsuit had not been filed at the time Plaintiff filed the FOIL requests.

Pursuant to federal common law, "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)).[2]  The privilege is designed to "encourage clients to make full disclosure to their attorneys." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).  There is no requirement that communications must take place after the filing of the underlying lawsuit to be entitled to protection by the attorney-client privilege, and Plaintiff does not cite to any authority establishing such a rule.  Therefore, it is irrelevant that the redacted emails were sent before the filing of this lawsuit.  Rather, what matters is whether the emails were between an attorney and his or her clients that were intended to be confidential and that concerned legal advice.  The Court has reviewed unredacted versions of the emails *in camera* and concludes that they were appropriately redacted because they involve requests for and provision of legal advice concerning responding to Plaintiff's FOIL requests.  The emails were between the Board of Elections' Deputy General

---

[2] In cases such as this one, in which subject matter jurisdiction is based on a federal question, federal common law governs attorney-client privilege issues.  *See In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 134 n.2 (S.D.N.Y. 2019), *aff'd*, No. 16CIV6728CMSDA, 2019 WL 5558081 (S.D.N.Y. Oct. 23, 2019).

Counsel, and members of his legal team, as well as staff of the Board of Elections that were involved in responding to Plaintiff's FOIL requests.

Accordingly, Plaintiff's Motion for Sanctions for failure to produce a redaction log is DENIED and Plaintiff's request for unredacted copies of emails is likewise DENIED because the redacted communications are protected by the attorney-client privilege. In light of Plaintiff's pro se status, the Court finds that an award of fees and expenses is not warranted here.

**August 23 Letter**

In Plaintiff's letter dated August 23, 2024, Plaintiff asserts that the Court's Order dated August 19, 2024 is "factually inaccurate" for stating that Plaintiff has received all documents and communications related to her performance. She further contends that Defendants have not produced coordinator journals from her work at P.S. 116 in 2019, or journals from Bridget McNeil in or about August 2022. In response, Defendants state that no notes were entered regarding Plaintiff's performance during the twelve days she worked in 2019, and that coordinator journals from 2022 were turned over to Plaintiff in Defendants' April 3, 2024 supplemental disclosure.[3] Accordingly, Defendants represent that there are no additional documents to provide in relation to Plaintiff's performance.

The Court construes Plaintiff's request for an amendment to its August 19 Order as a motion for reconsideration. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health*

---

[3] In the Opposition letter, Defendants initially represented that there were no coordinator journals that mentioned Plaintiff from August 2022. In a letter dated September 25, 2024, Defendants explained that upon closer inspection, they realized that coordinator journals from 2022 had already been produced to Plaintiff. (ECF No. 176.) Defendants also included the cover page to their second supplemental disclosure which lists what was being produced, including, "Coordinator Journals from 2020 to 2022[.]"

*Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)(internal citation omitted). Local Civil Rule 6.3, which governs reconsideration, aims to "prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Courts must "narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment*." Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014). The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Plaintiff has not pointed to controlling decisions or new evidence that the Court overlooked in rendering its Order. Plaintiff's only argument is her belief that there are still outstanding documents related to her performance that have not been produced by Defendants. The only specific documents Plaintiff cites that are allegedly missing from the

production are coordinator journals from her work at P.S. 116 in 2019, and journals from Bridget McNeil in August 2022.  However, Defendants have represented that no journals exist that mention Plaintiff from her work at P.S. 116 in 2019 and that journals from 2022 were already produced.  While Plaintiff asked in her letter at ECF No. 173 that the Court require Defendants to file "sworn statements under oath" concerning the searches Defendants have conducted, the Court is entitled to rely on representations made by defense counsel that all relevant documents have already been produced.  *See, e.g., Greer v. Carlson*, No. 20 Civ. 5484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[Defense] counsel is admitted to practice in this Court and is an officer of the Court. If a statement made by counsel is false, he can be subject to discipline. Thus, courts often rely upon statements made by counsel."); *Kozak v. Office Depot, Inc.*, No. 16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020) (relying on defense counsel's representation that it had produced all documents responsive to plaintiff's request, as "[t]he court is entitled to rely on the representations of counsel, as officers of the court") (internal citations omitted); *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("Generally, 'a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production' since one cannot be required to produce the impossible.")(internal citations omitted).  A "sworn statement" by defense counsel is unnecessary, particularly given that the Court has no basis to conclude defense counsel's statements are untrue.  Therefore, Plaintiff's motion for reconsideration is DENIED and Plaintiff's request for coordinator journals reflecting her work at P.S. 116 in 2019,

and journals from Bridget McNeil in or around August 2022, is likewise DENIED because such documents do not exist and/or have already been produced.

**Request for Production of Documents in Electronic Form**

In the Motion for Sanctions and several of Plaintiff's letters, she repeats her request for ESI or documents in electronic form, and the search of "backup tapes." (*See* ECF Nos. 158, 159, 165, 172.) The Court has ruled on this request multiple times and therefore, as the Court warned Plaintiff in its Order dated August 19, 2024, it will not entertain this request. (*See* ECF No. 155.)

**Bryan Cambrelen's Emails**

In the Court's August 19, 2024 Order, the Court ordered Defendants to search Bryan Cambrelen's ESI with Plaintiff's name and poll worker number and provide Plaintiff with responsive documents from such search, if any. (*See* ECF No. 155.) Defendants confirmed they complied with the Order via letter on September 12, 2024. In her letters dated September 17, 2024 and September 24, 2024, Plaintiff asserts that communications between herself and Bryan Cambrelen beginning in or around April 2022 were not produced. (ECF Nos. 168, 173.) Plaintiff also asserts that the emails do not indicate whether other individuals were cc'd or bcc'd. In response, Defendants state that while they had previously produced documents from Cambrelen's ESI concerning Plaintiff's performance or removal, Defendants complied with the Court's August 19 Order by conducting a search of Cambrelen's ESI ranging from October 2021 to the present and providing Plaintiff with all such communications that relate to her, or include her name or poll worker number, even if not relevant to her performance. Defendants also

state that the Cambrelen emails produced to Plaintiff indicated if anyone was cc'd, and that none of the Cambrelen emails were bcc'd.

As stated above, the Court is entitled to rely on defense counsel's representations that all relevant communications with Cambrelen have been produced. *Greer*, 2020 WL 7028922, at *3. In addition, Plaintiff does not provide any specificity as to particular communications that are missing from the production, other than stating they were sent between April and September 2022, nor has she explained how such communications would relate to her claims. Accordingly, Plaintiff's request for the Court to order further production of Cambrelen's emails is DENIED.

**September 23 Letter**

In her letter dated September 23, 2024, Plaintiff seeks further discovery concerning a document produced by Defendants that lists poll workers who were recommended for termination in December of 2022. (ECF No. 172.) Plaintiff asserts that she "raised this issue before but the court has not addressed it." This is incorrect. In an Order dated June 7, 2024, the Court denied Plaintiff's request to extend discovery for the purpose of seeking further information concerning the same document that listed poll workers recommended for termination. (*See* ECF No. 99.) In addition, Plaintiff filed objections concerning the June 7 Order, which the Honorable Arun Subramanian overruled. (*See* ECF No. 113.)

The Court construes Plaintiff's repeated request for this discovery as a motion for reconsideration. As discussed above, a motion for reconsideration should only be granted where Plaintiff shows "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson*, 502 F.

Supp. 2d at 376. Plaintiff has not identified controlling decisions, new evidence or a need to correct clear error or manifest injustice. Accordingly, Plaintiff's motion for reconsideration concerning the list of poll workers recommended for termination is DENIED.

**Request to Reopen Discovery**

Plaintiff seeks to reopen discovery in order to depose Bridget McNeil and serve interrogatories on Bryan Cambrelen, despite the fact that discovery has closed several months ago. (*See* ECF Nos. 158, 168, 173.) As the Court has stated many times before in this case, reopening discovery after the discovery period has closed requires a showing of good cause. *Eng–Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ)(KNF), 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008); Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff has not provided good cause for reopening discovery, nor has she provided an explanation as to why she did not notice McNeil's deposition or subpoena Cambrelen during the discovery period.[4] Plaintiff also does not provide any detail regarding how deposing McNeil or subpoenaing Cambrelen will support her claims. Plaintiff cannot continue to make piecemeal discovery requests after the close of discovery. Accordingly, Plaintiff's request to reopen discovery is DENIED.

**Request to Extend Motion for Summary Judgment Briefing Schedule**

Finally, Plaintiff requests in multiple letters that the Court delay the schedule for summary judgment briefing. (*See* ECF Nos. 168, 165.) Plaintiff's justification for this request is "outstanding discovery issues." The current deadline for Defendants to file their motion for

---

[4] Plaintiff's assertion that the Court prohibited Plaintiff from serving further interrogatories in a prior Order but "left open" the serving of deposition notices is inaccurate. Just because the Court did not explicitly prohibit Plaintiff from serving deposition notices does not permit Plaintiff to take depositions months after the close of discovery.

summary judgment is October 18, 2024, and Plaintiff's opposition is due November 15, 2024. Given that this Order resolves all outstanding discovery issues, the Court finds than an extension is unnecessary. Plaintiff has plenty of time to prepare her opposition to the motion for summary judgment which will not be filed for another three weeks. Accordingly, Plaintiff's request to extend the motion for summary judgment briefing schedule is DENIED. The parties are directed to proceed to summary judgment motion practice.

Plaintiff also requests that Defendants provide her with copies of any case law Defendants cite in their motion for summary judgment, in accordance with Local Rule 7.2. This request is GRANTED. Defendants shall provide to Plaintiff copies of cases and other authorities cited in the motion for summary judgment that are unpublished or reported exclusively in computerized databases. *See* Local Civil Rule 7.2.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Sanctions is DENIED; Plaintiff's motion for reconsideration and request for coordinator journals from her work at P.S. 116 in 2019, and from Bridget McNeil in August 2022 are DENIED; Plaintiff's request for the Court to order further production of Cambrelen's emails is DENIED; Plaintiff's motion for reconsideration concerning the list of poll workers recommended for termination is DENIED; and Plaintiff's request to reopen discovery and extend the motion for summary judgment briefing schedule is DENIED.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 159 and to mail a copy of this Order to Plaintiff.**

**SO ORDERED.**

Dated: September 26, 2024
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge