```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMAN WILLIAMS,

                                Plaintiff,

-against-

NYC BOARD OF ELECTIONS, et al.,

                                Defendants.

**DISCOVERY ORDER**

23-CV-5460 (AS) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

Presently before the Court are several discovery motions and issues raised by Plaintiff Carman Williams.[1] The Court addresses these discovery issues below.

<u>September 29, 2024 Letter</u>

On September 29, 2024, Plaintiff filed a letter raising the following issues: (1) that Defendants did not conduct a search of emails with BCCs as directed by the Court, (2) that Defendants have not provided Plaintiff with Bridget McNeil's coordinator journals, (3) that Plaintiff should be permitted to depose Bridget McNeil, (4) that Plaintiff has not been permitted to obtain additional discovery related to a document produced by Defendants containing a list of individuals who were recommended for termination in 2022.

As to the first item, Plaintiff is mistaken. On June 20, 2024, the Court directed Defendants to reproduce emails they produced to Plaintiff in electronic format on a thumb drive, in order to allow Plaintiff to view BCCs, if any. (ECF 104.) Defendants filed a letter on June

---

[1] The Court specifically directed Defendants to respond to Plaintiff's outstanding motions on October 28, 2024. (ECF No. 184.) Defendants did not do so. Although the Court indicated in a prior Order that it would summarily deny Plaintiff's redundant discovery motions, this is not an excuse for failing to comply with a Court Order. Failure to comply with Court Orders in the future may result in sanctions on defense counsel.

1

25, 2024 stating that they "do not have the technical ability to force the software to print blank BCC fields." (ECF No. 108.) As a result, on July 9, 2024 the Court narrowed its June 20 Order so that Defendants only needed to reproduce emails that actually contained BCCs. (ECF No. 116.) Defendants later confirmed via letter dated July 24, 2024 that their search found that no emails contained BCC lines, so there were no emails to reproduce in electronic format. (ECF 136.) Therefore, Plaintiff is incorrect that Defendants did not conduct the search for emails containing BCCs as directed by the Court. Rather, Defendants simply communicated that they did not have the capabilities to *print* a BCC line where no individuals were BCC'd.

As to the remaining three items raised by Plaintiff, these issues have all been addressed in the Court's order dated September 26, 2024. (ECF No. 177.) Therefore, the Court construes Plaintiff's letter as a motion for reconsideration. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted). The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). A motion for reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, Plaintiff has not pointed to controlling decisions, new evidence, or a clear error that would justify reconsideration. Further, Plaintiff was warned in the Court's Order dated August 19, 2024, that because Plaintiff has filed numerous letters requesting discovery she has already sought, any further discovery motions will be summarily denied if they have raised issues previously decided. (ECF No. 155.) Accordingly, Plaintiff's September 29, 2024 motion for reconsideration is DENIED.

Motion to Compel

On October 18, 2024, Plaintiff filed a motion to compel the production of the USB drive that the Court previously ordered Defendants to produce in order to reveal whether individuals had been BCC'd on emails. (ECF No. 183.) As explained above, the Court narrowed its June 20 Order so that Defendants only needed to reproduce emails that actually contained BCCs and Defendants later confirmed via letter that their search found that no emails contained BCC lines, so there were no emails to reproduce. Accordingly, Plaintiff's motion to compel is DENIED.

October 1, 2024 Letter

On October 1, 2024, Plaintiff filed a letter asserting for the second time that she should be permitted to depose Bridget McNeil and "examine" or "seek information from" Bryan Cambrelen. (ECF No. 179.) In the Court's September 26, 2024 Order, the Court denied Plaintiff's request to reopen discovery for the purpose of deposing McNeil and serving interrogatories on Cambrelen, noting that Plaintiff had provided no explanation as to why she did not notice McNeil's deposition or subpoena Cambrelen during the discovery period, nor did she provide any detail as to how deposing McNeil or subpoenaing Cambrelen would support her claims. (ECF No. 177.) Plaintiff now asserts that Federal Rule of Civil Procedure 26 permits

3

discovery that is relevant to a party's claims *or defenses*, and according to Plaintiff, the Court did not consider that deposing McNeil or subpoenaing Cambrelen would produce discovery relevant to Defendants' defenses.

The Court construes this letter as a motion for reconsideration. First, despite arguing that the Court did not consider relevance to Defendants' defenses, Plaintiff does not explain how the discovery she seeks from McNeil or Cambrelen relates to Defendants' defenses. Second, Defendants have already searched Cambrelen's ESI for Plaintiff's name and poll worker number and produced responsive documents. (*See* ECF No. 169.) Finally, Plaintiff has not pointed to controlling decisions, new evidence, or a clear error that would justify reconsideration. Therefore, Plaintiff's October 1, 2024 motion for reconsideration is DENIED.

October 9, 2024 Letter

In a letter filed October 9, 2024, Plaintiff seeks to reopen discovery because she asserts Defendants did not produce the names of poll workers who were discharged or not hired between 2020 and 2022. (ECF No. 180.) On May 13, 2024, the Court ordered Defendants to produce discharges of other poll workers who were discharged or not hired for disciplinary reasons between 2020-2022 to the extent those decisions were made by the people who supervised Plaintiff in 2022 and Defendant Ellaby. (ECF No. 80.) Defendants have previously represented to the Court that they complied with the Court's May 13, 2024 Order. (ECF No. 96.) In addition, Defendants have produced a list of individuals recommended for termination in 2022 and the Court has rejected Plaintiff's request for further discovery concerning that list. (*See* ECF No. 88, 99, 177.) Finally, Plaintiff cannot seek further discovery five months after the discovery deadline, particularly where she provides no justification for the delay. *See, e.g. Eng–*

4

*Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ)(KNF), 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008) ("A schedule may be modified only for good cause and with the judge's consent."). Accordingly, Plaintiff's request to reopen discovery is DENIED.

October 28, 2024 Letter

Plaintiff filed a letter on October 28, 2024 asserting for the second time that she has not received coordinator journals for the year 2019. (ECF No. 185.) In Defendants' response to Plaintiff's previous letter raising this issue, Defendants represented that no notes were entered regarding Plaintiff's performance during the twelve days she worked in 2019 and therefore there were no additional documents to produce. (ECF No. 169.)

Since the Court already ruled on this request in its September 26, 2024 Order, the Court construes Plaintiff's letter as a motion for reconsideration. Plaintiff has not pointed to controlling decisions, new evidence, or a clear error that would justify reconsideration. Accordingly, Plaintiff's October 28, 2024 motion for reconsideration is DENIED.

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 180 and 183 and to mail a copy of this Order to Plaintiff.**

    SO ORDERED.

Dated: November 19, 2024
    New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge

5