US DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X   23-CV-5460(KHP)(AS)
**CARMAN WILLIAMS,**

        **Plaintiff,**

v.   <u>MOTION</u>

**BOARD OF ELECTIONS, et al.,**

        **Defendants.**
_____X

**MOTION FOR SANCTIONS PURSUANT TO FRCP 37**

**NOW COMES** the Plaintiff who hereby moves this Honorable Court for the imposition of sanctions against Defendants, **BOARD OF ELECTIONS, et al.** pursuant to Rule 37 of the Federal Rules of Civil Procedure for their failure to produce documents for the reasons set forth below:

**I. BACKGROUND**

1. Plaintiff served Defendants with a request for production of documents relevant to this action, including, but not limited to, **Coordinator Journals for Early Voting at PS 116 for 2019.**

2. Defendants alleged that they had already produced: "coordinator Journals at the polling sites Plaintiff worked, which include performance-related information about poll workers at those same sites." [1] responded to the request. The Court credited Counsel's misrepresentation.

Early Voting records for P.S. 116 in 2019 were **never produced** despite the Defendants having them. They deliberately withheld them and falsely alleged to the Court that all the journals had been produced.

3. Discovery closed in this case in May 2024. A Motion for Summary Judgment was filed by the defendants and is still pending. In addition, Plaintiff filed Motions for Sanctions against the Defendants for failure to disclose pursuant to FRCP 26 a witness upon whom they sought to rely on in connection with their FRCP 56 Motion despite

---

[1] See Magistrate Parker Order dated May 13, 2024, at P. 10, ¶ 2.

having never disclosed the existence of the witness or any alleged relevant information to the Plaintiff during initial or supplemental disclosures.

Since the Rule 56 Motion was filed, it has only recently come to light, via a FOIL request response from the BOE, that the very documents **which Defendants claimed did not exist have now miraculously been located but have not been produced to the Plaintiff**. See Plaintiff's Declaration and Exhibit A[2] attached thereto.

4. Plaintiff has suffered prejudice due to Defendants' misrepresentations regarding the existence of the requested documents.

## II. ARGUMENT

5. Federal Rule of Civil Procedure 37 provides that a party may seek sanctions when another party fails to make disclosures or cooperate in discovery.

6. Defendants' failure to produce documents that they previously claimed did not exist constitutes a violation of their duty to respond meaningfully to discovery requests and is indicative of a lack of good faith in the discovery process.

7. The late revelation that Defendants are both (1) in possession of these documents[3] and (2) misrepresented to the magistrate that all journals had been produced deprived Plaintiff of evidence germane to her case as well as to her opposition to Defendants' Summary Judgment Motion and also hindered Plaintiff's ability to prepare for trial.

8. Sanctions under Rule 37 are appropriate in this instance not only to address Defendants' failure to comply with discovery rules but also to deter similar conduct in the future.

## III. REQUEST FOR SANCTIONS

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Impose appropriate sanctions against Defendants for their failure to produce documents as required under the Federal Rules of Civil Procedure and DENY in all respects Defendants' Motion for Summary Judgment presently pending before the Court.

b. Grant such other and further relief as the Court may deem just and appropriate.

---

[2] Email dated 7/11/2025 from the Records Access Officer at BOE to Plaintiff confirming they "located" journals responsive to her request; they further attached an invoice for the 110 pages.
[3] And presumably had the documents all along despite the misrepresentations made to the Court.

Case 1:23-cv-05460-AS-KHP    Document 248    Filed 08/03/25    Page 3 of 12

Dated: August 3, 2025

Respectfully submitted,

/s/ CARMAN WILLIAMS
344 E. 28th Street
New York, NY 10016

---

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———————————————————X

CARMAN WILLIAMS,                              23-CV-5460(KHP)(AS)

       Plaintiff,

-v-

                           **DECLARATION IN SUPPORT OF SANCTIONS**

BOARD OF ELECTIONS, et al.,

       Defendants.

———————————————————X

CARMAN WILLIAMS ("PLAINTIFF") hereby declares under penalty of perjury pursuant to 28 USC §1746 as follows:

1. I am the Plaintiff in the above-captioned case and as such am fully familiar with the facts stated herein except as to any matters stated to be upon information and/or belief, and as to any such matters, I believe them to be true.

2. I am submitting this Declaration in support of my Motion for Sanctions against the Defendants arising out of recent developments with regard to journals they claimed during discovery did not exist.

3. There is a pending motion before the Court by Defendants for Summary Judgment.

4. I have submitted opposition to the Motion as well as Motions pursuant to FRCP 37 for Sanctions based upon defendants' failure to disclose and for destruction and nonproduction of relevant materials during discovery.

5. At the time the Motion was filed relating to 2019 missing and/or destroyed Coordinator Journals from PS 116, I was not aware that defendants had the materials but simply failed and/or refused to produce them alleging that they did not exist.

6. Counsel for the Defendants at the time, Rodalton Poole, made numerous representations to the Magistrate Judge that there were no 2019 journals despite having produced materials for years both before and subsequent to 2019.

7. I pointed out that it was simply incredible that **they could produce journals from years prior and subsequent to 2019** but somehow were unable to produce journals for 2019.

8. I learned recently pursuant to a FOIL request directed to BOE that they in fact do have the Early Voting Coordinator journals from 2019 and they sought to charge me for the 110 pages of documents they asserted that they do have. See Exhibit A attached to this Declaration.[1]

9. I contacted Rodalton Poole, Esq. regarding this and never received a response. In fact, my email to him bounced back. I subsequently mailed the letter addressed to him via USPS. I have not received a response back.

10. It appears that he is no longer with the Corporation Counsel and that another attorney has filed a Notice of Appearance. **She has to date ignored my**

---

[1] Exhibit A is an email to me dated 7/11/2025 from the BOE FOIL Unit advising that they have 110 pages of responsive documents (Coordinator Journals from PS 116 for 2019). These are the self-same document their attorney alleged did not exist and/or that they had produced all the journals in representations to the Court. I have covered this in a previous sanction motion. I did not become aware that they actually had the documents until recently which necessitated the filing of this application for sanctions.

correspondence to her regarding this issue.

11. An Adverse Inference and/or sanctions are warranted in this case as defendants falsely asserted that they had no coordinator journals from 2019 during fact discovery in this lawsuit; it was a material representation. I believe it was deliberate.

12. I have been prejudiced by the misrepresentation, and it is unclear what, beyond an adverse inference and sanctions can be done to cure the prejudice.[2]

13. The failure to provide the materials clearly supports the inference that the materials would have been helpful to my case.

14. The Court should, in addition to the reasons set forth in my Opposition papers previously, deny the Defendants' Motion for Summary Judgment given the blatant misconduct by Defendants and the resulting prejudice to my lawsuit.

15. I am also requesting that the Court ORDER defendants to provide the 110 pages they allege they have found to me ASAP and without any fee for same.

16. The Journals for 2019 were sought during discovery and were not provided for my use either during discovery or after the close of discovery in opposition to their Rule 56 Motion.

17. The Magistrate Judge accepted counsel's representations regarding the nonexistence of the 2019 Coordinator Journals and those assertions given recent developments were clearly false.

---

[2] I believe the Defendants' Summary Judgment Motion should be denied based upon materials already before the Court in my Motion for Sanctions and other materials submitted in opposition to the Motion; however, I also believe the willful misrepresentation regarding the 2019 Journals non-existence forms yet another basis for denial of their Rule 56 Motion.

18. **WHEREFORE**, I respectfully request that the Court grant the relief sought herein pursuant to Fed. R. Civ. P 26 and Fed. R. Civ. P 37. Defendants should not be rewarded for gaming the discovery process by withholding relevant materials from an adversary by falsely claiming the documents did not exist.

19. Were it not for my tenaciousness in trying to ascertain why Defendants produced Journals both before and after 2019, but mysteriously could not locate any Journals for 2019, their misconduct may never have come to light.

20. The Corporation Counsel's office should likewise be subject to sanctions[3] for the inaccurate representations made by the attorney assigned to the case. The assertions by counsel were – I believe – mendacious and sanctions are warranted for the certifications and the misrepresentations made by the Law Department.

Dated:    New York, New York

August 3, 2025

/s/ Carman Williams

Plaintiff, Pro Se

344 E. 28th Street

New York, NY 10016

---

[3] Pursuant to the Court's inherent authority.

Ex. A

Case 1:23-cv-05460-AS-KHP   Document 248   Filed 08/03/25   Page 9 of 12




## Carman Murray FOIL request

**From** Records Access Office <FOIL@boenyc.gov>
**Date** Fri 7/11/2025 3:02 PM
**To** Carman Murray <carmanmurray
**Cc** FoilGroup <FoilGroup@boe.nyc>

1 attachment (147 KB)
FOIL - Invoice 7 11 2025.pdf;

Dear Ms. Williams:

Please see the below response to your FOIL request, dated 4/10/2025 for "Request to inspect and copy the 2019 Early Voting Coordinator Journals from P.S. 116".

Board staff conducted a diligent search and have located records which are responsive to your request. Please see the attached invoice for these records.

Be advised that the Board does not accept credit/debit cards or personal checks as forms of payment. The Board accepts money orders, corporate checks, attorney's checks, certified or cashier's checks, or in-person cash payment.

The requested documents are available for pickup at 32 Broadway 7th floor. Please let us know when you are coming and ask for Records Access Office at the front desk.

Thank you for contacting the Records Access Office of the Board of Elections in the City of New York.

Sincerely,

**Records Access Office**

Executive Office
Tel:212-487-5300



**The Board of Elections in the City of New York**

Executive Office
32 Broadway, 7th floor

8/3/25, 1:56 PM  Carman Murray FOIL request -

New York, New York  10004



**BOARD OF ELECTIONS**
IN
THE CITY OF NEW YORK
EXECUTIVE OFFICE, 32 BROADWAY
NEW YORK, NY 10004–1609
(212) 487–5300
www.vote.nyc.ny.us

# INVOICE

July 11, 2025

Carman Williams,

Re: FOIL Request Dated: 4/10/2025

INVOICE NUMBER: **202100176**

YOU ARE HEREBY ADVISED THAT YOUR ACCOUNT WITH US IS NOW DUE.

KINDLY FORWARD YOUR CHECK IN THE AMOUNT OF **$27.50**

MADE PAYABLE TO:

**BOARD OF ELECTIONS – CITY OF NEW YORK**

THE ABOVE-MENTIONED INVOICE IS FOR:

**Copies of Documents Related to FOIL Request – 110 Pages**

**At .25¢ Per Page = $27.50**

THANK YOU FOR YOUR COURTESY AND COOPERATION